UNITED STATES of America,
Plaintiff–Appellee,

v.

Herman T. KILLION, Defendant–
Appellant.

No. 93–2926.

United States Court of Appeals,
Seventh Circuit.

Argued April 20, 1994.

Decided July 19, 1994.

a class exists is no longer important. The plaintiffs, whoever they are, can recover nothing by this action.

and the government stipulated that he would be subject to a career offender enhancement under U.S.S.G. § 4B1.1 because he had been convicted of three prior violent felonies.[1] The parties also agreed, however, that Mr. Killion could challenge the constitutionality of any of the prior convictions used to enhance his sentence. Thus, in October 1992, Mr. Killion moved to preclude the district court's use of two of his three prior violent felony convictions—a 1984 state court conviction for residential burglary and possession of burglary tools, and a 1986 state court conviction for residential burglary and robbery. He argued that the guilty pleas on which both of those convictions were based had not been voluntary and intelligent because he had not been fully informed of his constitutional rights as required by *Boykin v. Alabama*, 395 U.S. 238, 242, 89 S.Ct. 1709, 1711–12, 23 L.Ed.2d 274 (1969). The government agreed that it could not rely on the 1984 conviction, but opposed the defendant's motion to preclude use of the 1986 conviction. On February 17, 1993, the district court held a hearing to determine the constitutional validity of the 1986 state court conviction. It found that, although the state trial court did not expressly advise Mr. Killion of his right not to plead guilty and his right against compulsory self-incrimination, the state court had furnished Mr. Killion with enough information about his constitutional rights to render his guilty plea voluntary and intelligent. As a result, the court found Mr. Killion to be a career offender under U.S.S.G. § 4B1.1.

Barry R. Elden, Asst. U.S. Atty., Kaarina Salovaara, Asst. U.S. Atty. (argued), Office of U.S. Atty., Crim. Receiving, Appellate Div., Chicago, IL, for plaintiff-appellee.

Camille B. Conway, Office of Federal Defender Program, Chicago, IL (argued), for defendant-appellant.

Before POSNER, Chief Judge, and RIPPLE and KANNE, Circuit Judges.

RIPPLE, Circuit Judge.

Herman Killion pleaded guilty to bank robbery in violation of 18 U.S.C. § 2113(a). On appeal, Mr. Killion contests only his sentence. He submits that he should not have been considered a career offender under U.S.S.G. § 4B1.1 because the district court relied upon a prior conviction that he claims was the result of an unconstitutionally-wrought plea agreement. We disagree and, for the reasons that follow, we affirm the judgment of the district court.

## I

When Mr. Killion pleaded guilty to the bank robbery charges on May 15, 1992, he

## II

■ On appeal, Mr. Killion submits that the district court erred in finding that his 1986 guilty plea satisfied the constitutional requirements for a valid plea agreement. *See id.; United States v. Colston*, 936 F.2d 312, 318 (7th Cir.), *cert. denied*, —— U.S. ——, 112 S.Ct. 403, 116 L.Ed.2d 352 (1991). He acknowledges that, in *United States v. Mitchell*, 18 F.3d 1355, 1361 (1994), we held

1. In part, U.S.S.G. § 4B1.1 provides:
   A defendant is a career offender if (1) the defendant was at least eighteen years old at the time of the instant offense, (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance, and (3) the defendant has at least two prior convictions of either a crime of violence or a controlled substance offense.

that a "district court should not entertain a collateral attack at sentencing except for those challenges that manifest, from a facial review of the record, a presumptively void prior conviction." *See also Custis v. United States,* —— U.S. ——, ——, 114 S.Ct. 1732, 1734, 128 L.Ed.2d 517 (1994) (prohibiting collateral attacks at sentencing under the Armed Career Criminal Act unless defendant lacked counsel at the time of the earlier conviction). Nonetheless, Mr. Killion argues that *Mitchell* does not apply in this case because (1) the government never invoked *Mitchell* in the district court and therefore waived the issue, and (2) the ex post facto clause of the Constitution precludes applying *Mitchell* to his case. Moreover, Mr. Killion asserts that, even if we conclude that *Mitchell* applies, a "facial review of the record" of the plea colloquy from the 1986 conviction manifests a "presumptively void prior conviction." *See Mitchell,* 18 F.3d at 1361.

■ We do not agree. First, the government could not have raised *Mitchell* in the district court—or even in this court—because *Mitchell* was decided on the day the government's brief was due in this court. We therefore do not find the issue to have been waived. Second, in a recent decision on the application of the Supreme Court's decision in *Custis,* we made clear that the "ex post facto clause does not apply to judicial constructions of statutes." *United States v. Burnom,* 27 F.3d 283, 284 (7th Cir.1994). As the Supreme Court has stated, the ex post facto clause "is a limitation upon the powers of the Legislature ... and does not of its own force apply to the Judicial Branch of government." *Marks v. United States,* 430 U.S. 188, 191, 97 S.Ct. 990, 992, 51 L.Ed.2d 260 (1977). Mr. Killion's reliance on *Bouie v. City of Columbia,* 378 U.S. 347, 354, 84 S.Ct. 1697, 1702–03, 12 L.Ed.2d 894 (1964), to demonstrate the contrary is misplaced. *Bouie*'s refusal to give retroactive application to a new construction of a statute was based on the due process clause; thus, "*Bouie* applies only to unpredictable shifts in the law, not to the resolution of uncertainty that marks any evolving legal system." *Burnom,* 27 F.3d at 284–85; *see also Marks,* 430 U.S. at 196, 97 S.Ct. at 995 (stating that the due process clause precludes imposing criminal liability

for conduct not previously punishable); *United States v. Seacott,* 15 F.3d 1380, 1392 (7th Cir.1994) (Easterbrook, J., concurring) (stating that under the due process clause "the executive branch may not promulgate surprising rules, or the judicial branch fashion surprising interpretations of existing rules, that deprive criminal defendants of fair notice"). Suffice it to say that we applied our holding in *Mitchell* to Mitchell himself, just as the Supreme Court applied the rule it announced in *Custis* to petitioner Custis. We therefore apply our holding in *Mitchell* to Mr. Killion.

Finally, although our decision in *Mitchell* permits a collateral attack on any prior conviction "that is presumptively void—that is a conviction lacking constitutionally guaranteed procedures plainly detectable from a facial examination of the record," *Mitchell,* 18 F.3d at 1360–61, the Supreme Court in *Custis,* relying on the same authority that had guided our decision in *Mitchell,* described the exception in more narrow terms. In the view of the Supreme Court, only a conviction obtained in the absence of counsel cannot be used to enhance a sentence. *Custis,* —— U.S. at ——, 114 S.Ct. at 1738. *Custis* involved the Armed Career Criminal Act, 18 U.S.C. § 924(e); *Mitchell* involved the career offender provision of the Sentencing Guidelines, U.S.S.G. § 4B1.1. Yet, we find it difficult to detect a principled distinction. It may well be, therefore, that *Custis* has limited the exception that we carved out of the rule established in *Mitchell.*

■ In any event, the 1986 state court conviction is not one "that is presumptively void—that is a conviction lacking constitutionally guaranteed procedures plainly detectable from a facial examination of the record." *Mitchell,* 18 F.3d at 1360–61. This is readily ascertainable from the mere fact that the district court felt the need to hold a hearing to determine the validity of the 1986 state court guilty plea. *See id.* at 1361 (stating that to detect a presumptively void conviction "a district court need not and should not conduct a mini-hearing on the validity of the previous convictions"). A "facial review of the record," *id.,* reveals that the plea colloquy that Mr. Killion challenges as constitutionally deficient contained enough infor-

mation about his constitutional rights to render the plea voluntary and intelligent. The only two rights about which Mr. Killion was not expressly informed were his right against compulsory self-incrimination and his right to plead not guilty. Mr. Killion was advised of two of the three rights set out in *Boykin,* 395 U.S. at 242–43, 89 S.Ct. at 1711–12—the right to a jury trial and the right to confront witnesses. Moreover, the state court informed Mr. Killion that he had the right to assist counsel in preparing a defense, the right to testify at his trial, and the right to subpoena and present witnesses. The omission of the right against compulsory self-incrimination and the right to plead not guilty would not have been enough under our pre-*Mitchell* caselaw to invalidate the conviction. *See United States v. Henry,* 933 F.2d 553, 560 (7th Cir.1991) (stating that failure to inform a defendant of "his right to plead not guilty and the right to be free from compulsory self-incrimination" does not invalidate a plea), *cert. denied,* —— U.S. ——, 112 S.Ct. 1703, 118 L.Ed.2d 412 (1992). That omission, therefore, is obviously not enough to find the conviction presumptively void under *Mitchell.*

### Conclusion

For the foregoing reasons, the judgment of the district court is affirmed.

AFFIRMED.