38 F.3d 1217
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellant
v.
Danny COSTELLO, Defendant-Appellee
 Nos. 92-5347, 92-5348.
 United States Court of Appeals, Sixth Circuit.
 Oct. 21, 1994.
 
 Before: KENNEDY, CONTIE, and BATCHELDER, Circuit Judges.
 PER CURIAM.
 
 
 1
 On December 26, 1990, January 3, 1991, and May 15, 1991, Costello committed bank robbery in Madison, Tennessee. On September 16, 1991, Costello pleaded guilty to each offense.
 
 
 2
 The government sought the sentencing of Costello as a "career offender" under Sec. 4B1.1 of the United States Sentencing Guidelines through a proffer of two prior state court convictions: a 1976 conviction for attempt to commit a felony (sale of heroin) and a 1979 conviction for armed robbery. See U.S.S.G. Sec. 4B1.1. Costello objected to the application of those convictions towards career offender status because the underlying guilty pleas were obtained in violation of federal and state constitutional standards established by Boykin v. Alabama, 395 U.S. 238 (1969), and State v. Mackey, 553 S.W.2d 337 (Tenn.1977), respectively.
 
 
 3
 The district court agreed with Costello that the pleas violated Boykin and, therefore, that the ensuing convictions provide no support for career offender status. The district court further found that violations of Mackey independently preclude consideration of the 1979 conviction for enhancement purposes.
 
 
 4
 On appeal, the government challenges the district court's denial of career offender status. The Supreme Court's recent decision in Custis v. United States, 114 S.Ct. 1732 (1994), is dispositive. In Custis, 114 S.Ct. at 1738, the Court held that the Constitution does not guarantee a defendant the opportunity to attack the validity of a prior state conviction during federal sentencing unless the prior conviction was uncounseled in violation of Gideon v. Wainwright, 372 U.S. 335 (1963). Cf. Nichols v. United States, 114 S.Ct. 1921 (1994) (Valid uncounseled misdemeanor conviction may be used to enhance punishment for subsequent conviction.). Costello was represented by counsel during the state criminal proceedings in 1976 and 1979. Therefore, under Custis, the district court improperly permitted Costello to launch a collateral attack on the 1976 and 1979 convictions. See United States v. Smith, --- F.3d ----, 1994 WL 523771 (6th Cir.1994) (applying Custis ).
 
 
 5
 That Custis was sentenced under the Armed Career Criminal Act [ACCA], 18 U.S.C. Sec. 924(e), and not under the federal sentencing guidelines as Costello was, is immaterial. Although the Custis Court specifically held that the ACCA does not authorize collateral attack on the validity of prior state convictions during sentencing, id. at 1737, the Court's broader constitutional ruling embraces all federal sentence enhancement based on prior state convictions, regardless of the source of authority for the enhancement.[1]
 
 
 6
 Based on the foregoing, we REVERSE and REMAND with instructions to sentence Danny Costello as a career offender under Sec. 4B1.1 of the United States Sentencing Guidelines.
 
 
 
 [1]
 Those circuits which have addressed the application of Custis to sentence enhancement under the federal sentencing guidelines have reached the same conclusion. See United States v. Burrows, --- F.3d ----, 1994 WL 525971 (9th Cir.1994); United States v. Killion, 30 F.3d 844, 846 (7th Cir.1994); United States v. Jones, 28 F.3d 69, 70 (8th Cir.1994); United States v. Jones, 27 F.3d 50, 52 (2d Cir.), cert. denied, --- S.Ct. ----, 1994 WL 527865 (1994)