54 F.3d 779
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Herbert D. MORRIS, Jr., Defendant-Appellant.
 No. 93-2977.
 United States Court of Appeals, Seventh Circuit.
 Submitted May 18, 1995.
Decided May 18, 1995.
 
 Before POSNER, Chief Judge, and CUMMINGS and BAUER, Circuit Judges.
 
 O R D E R
 
 1
 Herbert D. Morris, Jr. was convicted of possession of heroin with intent to distribute, 21 U.S.C. Sec. 841(a), and was sentenced to 131 months' imprisonment. On direct appeal, Morris challenges the sentencing court's finding that no constitutional error occurred in a prior guilty plea conviction for armed robbery in Illinois used to enhance his federal sentence, applying the career offender provision under U.S.S.G. Sec. 4B1.1. Morris argues that at the prior state plea hearing he was not informed of the nature of the charges, and that the court in that case failed to identify the factual basis of the charge.
 
 
 2
 The Supreme Court recently held that with the exception of convictions obtained in violation of the right to counsel, a defendant cannot collaterally challenge the validity of prior state convictions used to enhance a federal sentence.[2] Custis v. United States, 114 S. Ct. 1732, 1739 (1994) (statute). See also United States v. Killion, 30 F.3d 844, 846 (7th Cir. 1994), cert. denied, 115 S. Ct. 954 (1995) (noting that Custis may have further narrowed Mitchell by prohibiting collateral challenges even to ineffective assistance of counsel claims); United States v. Mitchell, 18 F.3d 1355, 1361 (7th Cir. 1994) (guidelines), cert. denied, 115 S. Ct. 640 (1994). Morris was represented by counsel at the guilty plea hearing, and he does not allege ineffective assistance of counsel. See Custis, 114 S. Ct. at 1738. Thus, Morris' collateral challenge must be denied.
 
 
 3
 Accordingly, the judgment of the district court is AFFIRMED.
 
 
 
 [1]
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed. R. App. P. 34(a); Cir. R. 34(f). After consideration of the statement filed by petitioner, the court has determined that oral argument is not necessary and the appeal is therefore submitted on the briefs and the record
 
 
 [2]
 While Custis concerned the Armed Career Criminal Act of 1984, 18 U.S.C. Sec. 924(e), the rationale in Custis applies with equal force to sentencing enhancement imposed pursuant to the Sentencing Guidelines (as in the present case). United States v. Jones, 27 F.3d 50, 52 (2d Cir. 1994); United States v. Garcia, 42 F.3d 573, 581 (10th Cir. 1994)