**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Luis Enrique ARANGO–MONTOYA,**
**Defendant–Appellant.**

**No. 94–2913.**

United States Court of Appeals,
Seventh Circuit.

Argued July 7, 1995.

Decided Aug. 8, 1995.

Barry Rand Elden, Asst. U.S. Atty., Philip Guentert (argued), Criminal Receiving, Appellate Div., Chicago, IL, for U.S.

Joseph R. Lopez (argued), Chicago, IL, for Luis Enrique Arango–Montoya.

Before POSNER, Chief Judge, and BAUER and KANNE, Circuit Judges.

PER CURIAM.

Luis Enrique Arango–Montoya pleaded guilty to violating 21 U.S.C. § 846 by conspiring to intentionally possess with the intent to distribute 749 grams of cocaine. Ar-

ango–Montoya was sentenced to a ten-year term of imprisonment to be followed by an eight-year term of supervised release. Arango–Montoya appeals the district court's finding that he was subject to a ten-year mandatory minimum sentence pursuant to 21 U.S.C. § 841(b)(1)(B)(ii)(II). For the following reasons, the judgment of the district court is affirmed.

## PROCEDURAL HISTORY

From June to August of 1991, Arango–Montoya was part of a drug distribution conspiracy. As a result of his involvement in this conspiracy, on October 27, 1993, Arango–Montoya was one of three defendants indicted for conspiracy to possess cocaine with the intent to distribute in violation of 21 U.S.C. § 846 (Count I), and two counts of possession of cocaine with the intent to distribute in violation of 21 U.S.C. § 841(a)(1) (Counts II and III). On March 10, 1994, the government filed an information notifying the district court and Arango–Montoya that under 21 U.S.C. § 841(b)(1)(B)(ii)(II), the mandatory minimum sentence that Arango–Montoya faced could be enhanced from a term of five years' imprisonment to a term of ten years' imprisonment because of a 1986 Illinois state conviction for a felony drug offense, unlawful possession of a controlled substance, Ill.Rev. Stat. ch. 56½, para. 1402(b) (1971) (current version at Ill.Ann.Stat. ch. 720, para. 570/402(c) (Smith–Hurd 1991)).

Arango–Montoya pleaded guilty to Count I, and the government dismissed Counts II and III, on May 3, 1994. As part of his plea agreement, Arango–Montoya admitted that he was responsible for the distribution of a total of 749 grams of cocaine. In the plea agreement, the government stated its position that because of the prior 1986 state conviction for possession of a controlled substance, Arango–Montoya's mandatory minimum for the instant offense was ten years' imprisonment. However, the plea agreement also provided that Arango–Montoya did not agree with this position and that both Arango–Montoya and the government reserved the right to argue their respective positions at sentencing. On July 21, 1994, Arango–Montoya filed an opposition to the enhancement of his mandatory minimum sentence based on his prior conviction arguing that the prior conviction was the result of an involuntary guilty plea (i.e., that he had not been informed of his right to a trial by jury). Arango–Montoya additionally filed a supplementary pleading arguing that although 21 U.S.C. § 851(e) prevented him from collaterally attacking his prior state conviction (because, as of the time of the filing of the government's information, the prior conviction was more than five years old), § 851(e) was unconstitutional and therefore should not prevent him from challenging his prior conviction. The district court denied Arango–Montoya's request to exclude the prior conviction for sentencing purposes. Accordingly, although with a total offense level of 26 and a criminal history category of I the applicable Sentencing Guidelines range was 63 to 78 months' imprisonment, Arango–Montoya was sentenced to the statutory minimum of ten years' (120 months') imprisonment. The district court also imposed an eight-year term of supervised release to follow his term of imprisonment. This timely appeal follows.

## ISSUES

Arango–Montoya challenges the district court's finding that he was subject to a ten-year mandatory minimum sentence pursuant to 21 U.S.C. § 841(b)(1)(B)(ii)(II). Specifically, he maintains that (1) the language of 21 U.S.C. § 851(e) which bars any collateral attack of a defendant's prior conviction when it occurs more than five years before the date of the information alleging the prior conviction is unconstitutional because (a) it deprives a defendant of his liberty interest in having only a valid prior conviction enhance his current sentence, (b) it is arbitrary in violation of the Due Process Clause of the Fifth Amendment, and (c) since a prior sentence which serves to double the mandatory minimum under 21 U.S.C. § 841(b)(1)(B)(ii)(II) is considered an element of the offense, it unconstitutionally lowers the government's burden of proof; and (2) notwithstanding the validity of § 851(e), the district court erred in failing to follow the procedural dictates of § 851(b) and (c).

## DISCUSSION

Arango–Montoya was convicted for violating 21 U.S.C. § 846 by conspiring to possess with the intent to distribute 749 grams of cocaine in violation of 21 U.S.C. § 841(a)(1). Accordingly, the district court applied the following sentencing provision:

(b) Penalties

Except as otherwise provided in section 849, 859, 860, or 861 of this title, any person who violates subsection (a) of this section shall be sentenced as follows:

\*       \*       \*       \*       \*       \*

(B) In the case of a violation of subsection (a) of this section involving—

\*       \*       \*       \*       \*       \*

(ii) 500 grams or more of a mixture or substance containing a detectable amount of—

\*       \*       \*       \*       \*       \*

(II) cocaine, its salts, optical and geometric isomers, and salts of isomers;

\*       \*       \*       \*       \*       \*

such person shall be sentenced to a term of imprisonment which may not be less than 5 years.... If any person commits such a violation after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment which may not be less than 10 years....

21 U.S.C. § 841(b)(1)(B)(ii)(II). The procedures to be followed in enhancing a sentence imposed under § 841 with a prior conviction are as follows:

(a) Information filed by United States Attorney

(1) No person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon....

\*       \*       \*       \*       \*       \*

(b) Affirmation or denial of previous conviction

If the United States attorney files an information under this section, the court shall after conviction but before pronouncement of sentence inquire of the person with respect to whom the information was filed whether he affirms or denies that he has been previously convicted as alleged in the information, and shall inform him that any challenge to a prior conviction which is not made before sentence is imposed may not thereafter be raised to attack the sentence.

(c) Denial; written response; hearing

(1) If the person denies any allegation of the information of prior conviction, or claims that any conviction alleged is invalid, he shall file a written response to the information. A copy of the response shall be served upon the United States attorney. The court shall hold a hearing to determine any issues raised by the response which would except the person from increased punishment. The failure of the United States attorney to include in the information the complete criminal record of the person or any facts in addition to the convictions to be relied upon shall not constitute grounds for invalidating the notice given in the information required by subsection (a)(1) of this section. The hearing shall be before the court without a jury and either party may introduce evidence. Except as otherwise provided in paragraph (2) of this subsection, the United States attorney shall have the burden of proof beyond a reasonable doubt on any issue of fact. At the request of either party, the court shall enter findings of fact and conclusions of law.

(2) A person claiming that a conviction alleged in the information was obtained in violation of the Constitution of the United States shall set forth his claim, and the factual basis therefor, with particularity in his response to the information. The person shall have the burden of proof by a preponderance of the evidence on any issue of fact raised by the response. Any challenge to a prior conviction, not raised by response to the information before an increased sentence is imposed in reliance

thereon, shall be waived unless good cause be shown for failure to make a timely challenge.

   \*    \*    \*    \*    \*    \*

(e) Statute of limitations

No person who stands convicted of an offense under this part may challenge the validity of any prior conviction alleged under this section which occurred more than five years before the date of the information alleging such information.

21 U.S.C. § 851.

Since Arango–Montoya had a prior state felony conviction for possession of a controlled substance, the district court found that he was subject to a ten-year mandatory minimum sentence under § 841(b). Moreover, since his prior conviction occurred more than five years before the filing of the government's information, the district court found that § 851(e) barred Arango–Montoya from challenging the validity of his prior conviction.

Arango–Montoya first argues that § 851(e)'s prohibition on collaterally attacking a prior conviction at sentencing is unconstitutional because it deprives a defendant of his liberty interest in having only a valid prior conviction enhance his sentence. Indeed, this court has held that a defendant has a constitutional right to at least some type of collateral challenge to a prior conviction at sentencing. In *United States v. Mitchell*, 18 F.3d 1355 (7th Cir.), *cert. denied,* —— U.S. ——, 115 S.Ct. 640, 130 L.Ed.2d 546 (1994), this court was faced with a collateral challenge to a prior conviction used to enhance a defendant's sentence under U.S.S.G. § 4A1.2. The *Mitchell* court held that the Sentencing Guidelines did not provide any collateral review for prior convictions at sentencing. However, independent of any statutory provision providing for such collateral review, *Mitchell* held that a defendant may collaterally attack a prior state conviction at sentencing if the prior conviction is presumptively void. *Id.* at 1360. In so holding, the *Mitchell* court noted two United States Supreme Court cases, *United States v. Tucker*, 404 U.S. 443, 448, 92 S.Ct. 589, 592, 30 L.Ed.2d 592 (1972) and *Burgett*

*v. Texas,* 389 U.S. 109, 112–16, 88 S.Ct. 258, 260–62, 19 L.Ed.2d 319 (1967), which held that where the record shows that a prior conviction was obtained from a defendant who lacked representation of counsel as guaranteed by *Gideon v. Wainwright,* 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), that prior conviction may not be used to enhance a sentence for a subsequent offense. *Mitchell* held, however, that the rationale of *Tucker* and *Burgett* was not limited to *Gideon* violations. Rather, the court found that "these cases stand for a narrow exception, permitting a collateral attack only on a prior conviction that is presumptively void—that is a conviction lacking constitutionally guaranteed procedures plainly detectable from a facial examination of the record." *Mitchell,* 18 F.3d at 1360–61.

*Mitchell,* therefore, would require at least some type of collateral review of the validity of Arango–Montoya's guilty plea at sentencing. However, considering the limited nature of this review and the nature of Arango–Montoya's claim (that the guilty plea colloquy was inadequate because he was never informed that he was waiving his right to a trial by jury), it is not likely that the collateral review afforded by *Mitchell* would provide him any relief. In reviewing the defendant's collateral challenge to his prior conviction, the *Mitchell* court stated:

> Defendant first claims that his 1984 plea was not knowing and voluntary, alleging that the state court did an inadequate job probing the voluntariness of the plea. Short of a record completely devoid of any meaningful semblance of a plea colloquy, this is the type of challenge that a district court should not entertain at sentencing. When considering a collateral attack of a prior conviction the district court should not weigh the adequacy of that prior procedure in the manner of an appellate body, rather, determine only whether or not, from the face of the record, it occurred. Here, since the district court noted that a plea colloquy took place, Defendant's challenge is therefore properly dismissed without more.

*Id.* at 1361–62. In any event, based on the United States Supreme Court's decision in

*Custis v. United States,* —— U.S. ——, 114 S.Ct. 1732, 128 L.Ed.2d 517 (1994), Arango–Montoya is not entitled to even this limited *Mitchell* review.

Three months after *Mitchell* was decided, the United States Supreme Court decided *Custis v. United States,* —— U.S. ——, 114 S.Ct. 1732, 128 L.Ed.2d 517 (1994). In *Custis,* the sentence enhancement occurred under a different statutory provision, 18 U.S.C. § 924(e). However, as the Seventh Circuit found with U.S.S.G. § 4A1.2 in *Mitchell,* the Supreme Court found that § 924(e) did not provide for a collateral attack of a prior conviction at sentencing. The Court held, nonetheless, that since the failure to provide counsel in violation of the Sixth Amendment is a jurisdictional bar to conviction, where the record shows that a prior conviction was obtained from a defendant who was deprived of counsel, that prior conviction may not be used to enhance a sentence for a subsequent offense. *Custis,* —— U.S. at —— – ——, 114 S.Ct. at 1737–38. The Supreme Court emphasized that collateral review of a prior conviction for failure to appoint counsel, as opposed to other collateral attacks to a prior conviction, is allowed because failing to appoint counsel for an indigent defendant is a unique constitutional defect:

> Custis attacks his previous convictions claiming the denial of the effective assistance of counsel, that his guilty plea was not knowing and intelligent, and that he had not been adequately advised of his rights in opting for a "stipulated facts" trial. None of these alleged constitutional violations rises to the level of a jurisdictional defect resulting from the failure to appoint counsel at all.

*Id.* at 1738 (citing *Johnson v. Zerbst,* 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938)). The *Custis* Court also noted both ease of administration (failure to appoint counsel at all will usually be readily apparent from the record) and the interest in promoting finality of judgments as additional reasons for barring most collateral attacks of prior convictions at sentencing. *Id.* at ——, 114 S.Ct. at 1738–39.

■ After the Supreme Court decided *Custis,* we decided *United States v. Killion,* 30 F.3d 844 (7th Cir.1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 954, 130 L.Ed.2d 896 (1995), where we indicated that our holding in *Mitchell* might be constrained by the Supreme Court's decision in *Custis:*

> [A]lthough our decision in *Mitchell* permits a collateral attack on any prior conviction "that is presumptively void—that is a conviction lacking constitutionally guaranteed procedures plainly detectable from a facial examination of the record," *Mitchell,* 18 F.3d at 1360–61, the Supreme Court in *Custis,* relying on the same authority that had guided our decision in *Mitchell,* described the exception in more narrow terms. In the view of the Supreme Court, only a conviction obtained in the absence of counsel cannot be used to enhance a sentence. *Custis,* —— U.S. at ——, 114 S.Ct. at 1738. *Custis* involved the Armed Career Criminal Act, 18 U.S.C. § 924(e); *Mitchell* involved the career offender provision of the Sentencing Guidelines, U.S.S.G. § 4B1.1. Yet, we find it difficult to detect a principled distinction. It may well be, therefore, that *Custis* has limited the exception that we carved out of the rule established in *Mitchell.*

*Killion,* 30 F.3d at 846. We now hold that *Custis* limits *Mitchell*—notwithstanding any right to a collateral attack of a prior sentence guaranteed by Federal statute or the United States Sentencing Guidelines, a prior conviction may be collaterally attacked at sentencing only where the defendant claims that he was deprived of counsel in violation of *Gideon,* 372 U.S. 335, 83 S.Ct. 792. Since Arango–Montoya does not claim that he was deprived of counsel, there is no independent constitutional basis for him to collaterally challenge his prior state conviction at sentencing.

Arango–Montoya argues, however, that since *Custis* requires that a defendant be given some opportunity to collaterally attack a prior conviction at sentencing, § 851(e)'s absolute bar to any collateral attack of a sentence is in violation of *Custis* and, therefore, is unconstitutional. In *United States v. Pallais,* 921 F.2d 684 (7th Cir.1990), *cert. denied,* 502 U.S. 842, 112 S.Ct. 134, 116 L.Ed.2d 101 (1991), we noted that since an

increase in punishment could not be based on a prior conviction obtained in a proceeding where a defendant was denied counsel, the constitutionality of § 851(e)'s absolute bar on a collateral challenge to a prior conviction might be in question:

> The Supreme Court has held that the constitutional right to the assistance of counsel forbids the government to base an increase in punishment on a conviction in a proceeding in which the defendant was denied the assistance of counsel. *United States v. Tucker,* 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972); *see also Baldasar v. Illinois,* 446 U.S. 222, 100 S.Ct. 1585, 64 L.Ed.2d 169 (1980) (per curiam). This would seem to imply that the defendant must have an opportunity to show that he was indeed denied the assistance of counsel in that proceeding. Section 851(e) allows the government to use convictions obtained in violation of the right to counsel to imprison a defendant for many additional years.

> That is one way to look at the problem but another is that the statute merely establishes an orderly method for determining the constitutionality of prior convictions. A defendant who fears the possible future use of his conviction against him had better challenge the validity of the conviction within five years. That is time enough for a direct appeal and a postconviction proceeding, and no more should be needed to establish the validity of the conviction with adequate reliability.

*Pallais,* 921 F.2d at 692. However, in *Pallais,* the record clearly demonstrated that the defendant had voluntarily waived counsel and, therefore, we refrained from ruling on the constitutionality of § 851(e). Similarly, we need not decide the constitutionality of § 851(e) on these grounds—Arango–Montoya does not claim that he was deprived of counsel in the prior criminal proceedings.

Finally, Arango–Montoya cites *United States v. Vea–Gonzales,* 999 F.2d 1326 (9th Cir.1993), where the Ninth Circuit held that a criminal defendant has an independent constitutional right to collaterally challenge a prior conviction at sentencing. *Vea–Gonzales,* however, was decided before the Su-

preme Court's decision in *Custis.* Accordingly, the Ninth Circuit later overruled *Vea–Gonzales* in *United States v. Burrows,* 36 F.3d 875 (9th Cir.1994):

> Burrows, unlike the defendant in *Custis,* was sentenced under the Sentencing Guidelines, not the ACCA. Burrows is correct that we held in *Vea–Gonzales* that a defendant has a constitutional right collaterally to attack prior convictions used for sentence enhancement under U.S.S.G. § 4B1.1, the Sentencing Guidelines' career offender provision. [*Vea–Gonzales,*] 999 F.2d at 1333–34. *Custis,* however, decided the same constitutional question which we decided in *Vea–Gonzales*—and came out the other way. [*Custis,*] —— U.S. [at] ——, 114 S.Ct. at 1738. Thus as far as its constitutional holding goes, *Vea–Gonzales* is no longer good law.

*Burrows,* 36 F.3d at 885.

Arango–Montoya next argues that § 851's distinction between those defendants who are entitled to collaterally challenge a prior conviction under § 851(c)(2), and those who cannot because of the five-year statute of limitations in § 851(e), is arbitrary and, therefore, violates his right to due process as guaranteed by the Fifth Amendment. As we have recently held, "[a] statute runs afoul of the Due Process Clause only if it 'manifests a patently arbitrary classification, utterly lacking in rational justification.'" *United States v. Neal,* 46 F.3d 1405, 1409 (7th Cir.) (quoting *Weinberger v. Salfi,* 422 U.S. 749, 768, 95 S.Ct. 2457, 2468, 45 L.Ed.2d 522 (1975)) (citing *United States v. Lawrence,* 951 F.2d 751, 754 (7th Cir.1991)), *cert. granted,* —— U.S. ——, 115 S.Ct. 2576, 132 L.Ed.2d 826 (1995). Indeed, "[e]very person has a fundamental right to liberty in the sense that the Government may not punish him unless and until it proves his guilt beyond a reasonable doubt at a criminal trial conducted in accordance with the relevant constitutional guarantees. But a person who has been so convicted is eligible for, and the court may impose, whatever punishment is authorized by statute for his offense, so long as that penalty is not cruel and unusual, and so long as the penalty is not based on an arbitrary distinction that would violate the Due Process Clause of the Fifth

Amendment." *Chapman v. United States,* 500 U.S. 453, 465, 111 S.Ct. 1919, 1927, 114 L.Ed.2d 524 (1991) (citations omitted).

■ The Seventh Circuit has not decided whether § 851(e)'s five year statute of limitations violates the Due Process Clause of the Fifth Amendment. However, the Ninth and the Eleventh Circuits, and the Eastern and Southern Districts of New York, have. Quoting the Eleventh Circuit's decision in *United States v. Williams,* 954 F.2d 668 (11th Cir.1992), the Ninth Circuit held— " 'Section 851(e) is wholly reasonable, both to effectuate the legitimate purposes of enhanced sentencing for recidivists, and to eliminate a host of practical problems with respect to ancient records absent such a provision.'" *United States v. Davis,* 36 F.3d 1424, 1438–39 (9th Cir.1994) (quoting *Williams,* 954 F.2d at 673), *cert. denied,* — U.S. ——, 115 S.Ct. 1147, 130 L.Ed.2d 1106 (1995). The Eastern District of New York provided similar reasons for upholding § 851(e)'s constitutionality—"Congress, in enacting 21 U.S.C. § 851(e), could have precluded collateral challenges to all prior convictions—whatever their age—except claims based on deprivation of counsel. It therefore follows that the less restrictive five-year time limit embodied in section 851(e) is constitutionally permissible." *United States v. Fernandez,* 871 F.Supp. 561, 564 (E.D.N.Y.1994) (footnote omitted). Finally the Southern District of New York has held:

> Cirillo's further attack upon the constitutionality of the five-year limitation period set forth in section 851(e) is without substance. Without it, records of prior criminal convictions, going back many years, as for example in this case, forty-two years, would have to be preserved. The likelihood is that those persons who played a role, whether on behalf of the prosecution, defense, or witnesses, no longer would be available to give direct testimony as to alleged events attendant upon the entry of the plea under attack. Section 851(e) is wholly reasonable, both to effectuate the

legitimate purposes of enhanced sentencing for recidivists, and to eliminate a host of practical problems with respect to ancient records absent such a provision.

*Cirillo v. United States,* 666 F.Supp. 613, 616 (S.D.N.Y.1987). Clearly, § 851(e)'s five-year statute of limitations is rationally based—it was imposed to eliminate potential administrative difficulties arising from challenges to old convictions. Indeed, this administrative difficulty was one factor that the *Custis* Court relied upon in barring most collateral challenges to prior convictions at sentencing. *Custis,* — U.S. at ——–——, 114 S.Ct. at 1738–39. Since § 851(e)'s five-year statute of limitations is rationally based, it does not violate the Due Process Clause of the Fifth Amendment.[1]

■ Arango–Montoya next maintains that since § 841(b)'s provision which doubles the mandatory minimum of a sentence when the defendant has a prior drug conviction is an element of the offense of conviction, § 851(e)'s bar on a collateral attack of a prior drug conviction unconstitutionally lowers the burden of proof on an element of the offense. Arango–Montoya is correct when he argues that "due process requires every fact necessary to constitute the crime with which a defendant is charged to be proved beyond a reasonable doubt." *United States v. Trujillo,* 959 F.2d 1377, 1381 (7th Cir.) (citing *In re Winship,* 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970) and *Mullaney v. Wilbur,* 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975)), *cert. denied,* — U.S. ——, 113 S.Ct. 277, 121 L.Ed.2d 204 (1992). However, we have already held that the sentence enhancement provisions of § 841(b) are not separate substantive offenses. *Trujillo,* 959 F.2d at 1382. *See also United States v. Reynolds,* 900 F.2d 1000, 1002–03 (7th Cir.1990); *United States v. Acevedo,* 891 F.2d 607, 611 (7th Cir.1989); *United States v. Ocampo,* 890 F.2d 1363, 1372 (7th Cir.1989).

In *Trujillo,* this court held that it was readily apparent from the language of § 841

---

**1.** In his brief, Arango–Montoya also points out that since the five-year statute of limitations is tolled when the government files its information of prior conviction, it allows the government to wait for the five-year time period to run before it

files its information. However, since Arango–Montoya's offense of conviction occurred more than five years after the prior conviction, this court need not address any concerns this might present.

that Congress intended § 841(a) to define the elements of the offense (possession of a controlled substance with the intent to distribute) and § 841(b) to provide the applicable sentencing enhancement provisions. The *Trujillo* court pointed out, though, that " 'there are constitutional limits upon the government's power to dictate the burden of proof merely by manipulating the definitional elements of the offense. . . .' " *Trujillo,* 959 F.2d at 1382 (quoting *Reynolds,* 900 F.2d at 1004). However, *Trujillo* noted that these constitutional concerns exist only when there is an "extreme disparity" between the sentence for the crimes charged in the indictment and the sentence received by the defendant as a result of an applicable enhancement provision. *Id.* at 1382.

The *Trujillo* court then cited *United States v. Kikumura,* 918 F.2d 1084 (3d Cir. 1990), as an example of this "extreme disparity." In *Kikumura,* the defendant's sentencing enhancements increased his sentence from thirty months to thirty years. The Third Circuit held that "[i]n this extreme context, . . . a court cannot reflexively apply the truncated procedures that are perfectly adequate for all of the more mundane, familiar sentencing determinations." *Kikumura,* 918 F.2d at 1101. Accordingly, the *Kikumura* court held that the enhancement factors had to be proven by clear and convincing evidence. In *Trujillo,* however, the defendant's sentence was only increased from 115 months to 168 months—a 4.5 year difference. Accordingly, we found that the sentence enhancement at issue did not invoke the scrutiny required in *Kikumura. Trujillo,* 959 F.2d at 1382.

Clearly, § 841(b)'s provision requiring a doubling of the mandatory minimum sentence where there is a prior felony drug conviction was intended to be a sentencing enhancement provision and not a separate substantive offense. Moreover, there is no "extreme disparity" here—Arango–Montoya's sentence was increased from a range of 63 to 78 months' imprisonment to a term of 120 months as a result of the enhancement. Accordingly, Arango–Montoya's sentence enhancement was not unconstitutional.

■ Finally, Arango–Montoya argues that even if § 851(e) prohibited a collateral attack of his conviction, the district court erred when it failed to follow the procedures outlined in § 851(b) and (c). This claim is spurious. Since Arango–Montoya attempts to challenge his prior conviction and § 851(e) bars him from doing so, any failure by the district court to "inform him that any challenge to a prior conviction which is not made before sentence is imposed may not thereafter be raised to attack the sentence," 21 U.S.C. § 851(b), is harmless. Indeed, this court has held that "[a] district court is not required to 'adhere to the rituals of § 851(b) where a defendant, as a matter of law, is precluded from attacking the conviction forming the basis of the enhancement information.' " *United States v. Flores,* 5 F.3d 1070, 1082 (7th Cir.1993) (quoting *United States v. Nanez,* 694 F.2d 405, 413 (5th Cir. 1982), *cert. denied,* 461 U.S. 909, 103 S.Ct. 1884, 76 L.Ed.2d 813 (1983)), *cert. denied,* —— U.S. ——, 114 S.Ct. 884, 127 L.Ed.2d 79 (1994). Likewise, there is no reason for the district court to conduct a hearing on the validity of the prior conviction pursuant to 21 U.S.C. § 851(c).

■ Nonetheless, since it is always possible that the government was mistaken and there was no prior conviction, or that the facts alleged in the government's information of prior conviction are incorrect, a district court should "inquire of the person with respect to whom the information was filed whether he affirms or denies that he has been previously convicted as alleged in the information" as required by § 851(b), even if § 851(e) bars a collateral attack on the prior conviction. Moreover, if the defendant then denies an allegation of the information of prior conviction, the defendant should be entitled to a hearing, if warranted, under § 851(c). Here, however, Arango–Montoya does not challenge the accuracy of the government's information of prior conviction.

For the above stated reasons, judgment of the district court is AFFIRMED.