78 F.3d 587
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
John J. RYAN, Defendant-Appellant.
 No. 95-2319.
 United States Court of Appeals, Seventh Circuit.
 Argued Jan. 23, 1996.
Decided Feb. 29, 1996.
 
 Before POSNER, Chief Judge, and BAUER and EVANS, Circuit Judges.
 
 ORDER
 
 1
 Upon entering a plea of guilty, defendant John J. Ryan was convicted of six counts of conspiracy[1] to knowingly and intentionally possess with intent to distribute, and the distribution of, ritalin (commonly known as "speed"), dilaudid (commonly known as "synthetic heroin") and morphine sulfate, in violation of 18 U.S.C. § 2 and 21 U.S.C. §§ 841(a)(1), 846.
 
 
 2
 The district court sentenced Ryan to 185 months' imprisonment on four of the counts, to run concurrently with each other; 60 months' imprisonment on two of the counts, to run concurrently with the 185-month sentence; and a five-year term of supervised release.[2]
 
 
 3
 On appeal, Ryan contends that he should have been permitted to collaterally challenge a prior conviction that was used to enhance his sentence under the career offender enhancement provision in U.S.S.G. § 4B1.1. Ryan wishes to challenge a 1980 Illinois conviction for armed robbery on the basis that his guilty plea was not knowing and voluntary because prior to jury selection, prospective jurors heard the trial judge sentence another man in an unrelated case for burglary, home invasion, and armed robbery, and the judge made comments about the epidemic of crimes and the violent nature of certain crimes. When the Illinois judge refused to dismiss the venire, Ryan decided to enter a guilty plea. "The action by the trial court in this matter effectively stripped the defendant of the right to be tried by a fair and impartial jury. The constitutional defects are clearly apparent from a facial review of the record." (Appellant's brief, p. 13).
 
 
 4
 The district court properly overruled Ryan's objection to his career criminal status.[3] The Supreme Court's holding in Custis v. U.S., 114 S.Ct. 1732 (U.S.1994), precludes the type of collateral attack that Ryan seeks to make. Under Custis, a prior conviction may be attacked only when a defendant was deprived of counsel. Custis, 114 S.Ct. at 1737-38. See also U.S. v. Killion, 30 F.3d 844, 846 (7th Cir.1994); U.S. v. Arango-Montoya, 61 F.3d 1331, 1336 (7th Cir.1995). Ryan does not claim that he was deprived of counsel and thus he offers "no independent constitutional basis ... to collaterally challenge his prior state conviction at sentencing." Arango-Montoya, 61 F.3d at 1336. Ryan not only admits that he had counsel, he has not even claimed (here, or before any other court) that his 1980 trial counsel was ineffective.[4]
 
 
 5
 Ryan next contends that for sentencing purposes it was error to include the entire weight of the pills, pursuant to U.S.S.G. § 2D1.1,[5] instead of weighing only the active ingredients.[6] Defendant maintains that the present system of including the carrier medium in the weight of the drug is irrational because it fails to consider the "comparative harmlessness of the drug," its scope of distribution, and its dollar value. (Appellant's brief, p. 5) This court has previously rejected this type of argument in U.S. v. Sasson, 62 F.3d 874 (7th Cir.1995) (holding that Ryan's codefendant, Leonard Sasson, was properly sentenced using gross weight of tablets), pet'n for cert. filed, No. 95-7253 (U.S. Dec. 21, 1995); U.S. v. Lacour, 32 F.3d 1157, 1159 (7th Cir.1994) (per curiam ) (no plain error in using gross weight in sentencing); and U.S. v. Blythe, 944 F.2d 356, 362-63 (7th Cir.1991) (it is proper to base sentence on total weight of dilaudid). Cf. Neal v. United States, No. 94-9088, slip op. (U.S. Jan. 22, 1996), 1996 WL 18441.
 
 
 6
 Defendant acknowledges that we recently rejected his codefendant's identical argument in Sasson, supra, where we held that, under U.S.S.G. § 2D1.1, the "sentencing scheme of using the gross weight of dilaudid tablets to calculate a defendant's sentence has a rational basis and is not arbitrary." 62 F.3d at 890. Ryan offers nothing new to challenge the holding stated in Sasson. Furthermore, all other Circuits considering the question as to pharmaceutical products, under either 21 U.S.C. § 841(b)(1)(C) or U.S.S.G. § 2D1.1, have held that no constitutional violation results from calculating a sentence based on the gross weight of the pharmaceuticals. U.S. v. Neighbors, 23 F.3d 306, 311 n. 4 (10th Cir.1994) (gross weight of dilaudid); U.S. v. Limberopoulos, 26 F.3d 245, 252-53 (1st Cir.1994) (use gross weight of pills of pharmaceutical drugs percodan, percocet and valium); U.S. v. Landers, 39 F.3d 643, 647 (6th Cir.1994) (collecting cases); U.S. v. Crowell, 9 F.3d 1452, 1454 (9th Cir.1993) (proper measure is gross weight of dilaudid tablets); U.S. v. Young, 992 F.2d 207, 208-09 (8th Cir.1993) (use entire weight of dilaudid); U.S. v. Uwaeme, 975 F.2d 1016, 1020-21 (4th Cir.1992) (proper to estimate average weight of dilaudid pills by multiplying number of pills by estimated average weight per pill); U.S. v. Shabazz, 933 F.2d 1029, 1035-36 (D.C.Cir.1991) (gross weight of dilaudid); U.S. v. Lazarchik, 924 F.2d 211, 213-14 (11th Cir.1991) (use gross weight of drugs); U.S. v. Bayerle, 898 F.2d 28, 31-32 (4th Cir.1990) (rejecting a constitutional challenge to the application of the weight tables to dilaudid, which like LSD is sold by the dose).
 
 
 7
 Accordingly, the judgment of the district court is AFFIRMED.
 
 
 
 [1]
 Codefendant Leonard Sasson was found guilty of the same charges following a jury trial. We upheld this conviction and sentence in U.S. v. Sasson, 62 F.3d 874 (7th Cir.1995)
 
 
 [2]
 Offense level 26 was used, since the drugs were equal to 100 to 400 kilograms of marijuana. U.S.S.G. § 2D1.1(c)(9). The adjusted offense level was increased to 32 since defendant was a career offender, § 4B1.1(c), and deducted two levels for acceptance of responsibility, § 3E1.1(b), with a total offense level of 30. With a criminal history category of VI, the sentencing range was 168 to 210 months
 
 
 [3]
 The district court noted that Ryan failed to challenge the state plea in any state proceeding, and failed to ask the state judge to recuse himself. The district court also noted that even if the judge's comment had tainted the jury pool, the proper step would be to go to trial and appeal. The district court concluded that "what occurred did not void the conviction."
 
 
 [4]
 The fact that Ryan was sentenced under the Sentencing Guidelines, and not under the Armed Career Criminal Act as in Custis, does not alter the analysis here, since we have found no "principled distinction" between the two in regard to the collateral attack question. Arango-Montoya, 61 F.3d at 1336; Killion, 30 F.3d at 846
 
 
 [5]
 The commentary to § 2D1.1 states:
 Unless otherwise specified, the weight of a controlled substance set forth in the table refers to the entire weight of any mixture or substances containing a detectable amount of the controlled substance. If a mixture or substance contains more than one controlled substance, the weight of the entire mixture or substance is assigned to the controlled substance that results in the greater offense level. U.S.S.G. § 2D1.1(c), n. *.
 
 
 [6]
 The drugs, all controlled substances stolen from a pharmacy, included: (1) ritalin: 100 10-mg. tablets, and 100 20-mg. tablets; (2) dilaudid: 230 2-mg. tablets, 390 4-mg. tablets; and (3) morphine sulfate: 119 tablets, 1/4-grain