105 F.3d 660
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Sergio HERRERA, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 95-3979.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 14, 1996.*
Decided Dec. 9, 1996.
 
 Before COFFEY, EASTERBROOK and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Petitioner Sergio Herrera pleaded guilty to one count of conspiracy to distribute cocaine in violation of 21 U.S.C. § 846. He was sentenced to ten years of imprisonment followed by eight years of supervised release pursuant to 21 U.S.C. § 841(b)(1)(B). Herrera did not directly appeal, but later filed a motion with the district court to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. The district court denied Herrera's § 2255 motion.
 
 
 2
 On appeal Herrera argues that: (1) he was denied the effective assistance of trial counsel because his attorney did not properly investigate his state felony conviction; (2) his due process rights were violated because of his inability to understand English; and (3) his due process rights were violated because of his alleged lack of opportunity to read and review the presentence report with his attorney and the district court's failure to insure that he had read and reviewed the presentence report.
 
 
 3
 Herrera failed to raise these issues on direct appeal. Because collateral review is not a substitute for a direct appeal, in order for Herrera to obtain federal habeas review of his due process claims, he must demonstrate both good cause for his failure to pursue the issues on direct appeal and actual prejudice resulting from the alleged constitutional violation. United States v. Frady, 456 U.S. 152, 167-68 (1982); Theodorou v. United States, 887 F.2d 1336, 1339-40 (7th Cir.1989). Herrera made no allegations demonstrating good cause for his failure to directly appeal his conviction; thus his failure procedurally bars him from collateral review.
 
 
 4
 Last, Herrera admits he had counsel for the underlying state felony charge; thus, there is no independent constitutional basis for his collateral attack of his prior state conviction. See Custis v. United States, 114 S.Ct. 1732, 1738 (1994); United States v. Arrango-Montoya, 61 F.3d 1331, 1336 (7th Cir.1995) (per curiam).
 
 
 5
 AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Accordingly, the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)