# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 9, 2011

Lyle W. Cayce
Clerk

No. 09-41061

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

ARNULFO RODRIGUEZ-PEREZ,

Defendant - Appellant

Appeals from the United States District Court
for the Southern District of Texas
No. 1:09-cr-00805-ALL

Before JONES, Chief Judge, and DENNIS and CLEMENT, Circuit Judges.

PER CURIAM:[*]

The defendant, Arnulfo Rodriguez-Perez, appeals his conviction under 8 U.S.C. § 1326(a) and (b) for illegal re-entry and his resulting 33-month sentence. He argues that the district court abused its discretion in denying his motion for appointment of an expert or an investigator. He also argues that his conviction and sentence are invalid because they rely on his 1995 Florida conviction for possession of cocaine, in which he alleges that he received ineffective assistance of counsel. We AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-41061

**I.**

Rodriguez-Perez was arrested and charged with violating 8 U.S.C. § 1326(a) and (b). Section 1326 makes it unlawful for "any alien who-- (1) has been denied admission, excluded, deported, or removed or has departed the United States while an order of exclusion, deportation, or removal is outstanding, [to] thereafter (2) enter[], attempt[] to enter, or [to] at any time [be] found in, the United States," unless the alien falls within one of two exceptions that are not applicable in this case.

Prior to trial, Rodriguez-Perez, proceeding pro se at his request, filed a motion asking that "the court . . . permit him the help that the Federal government allows a defendant," including the appointment of "investigators [and] experts," pursuant to 18 U.S.C. § 3006A(e)(1).[1] Approximately a week later, he filed a second motion requesting "the assistance of investigators, experts, and other services necessary for an adequate defense." Neither motion specified why Rodriguez-Perez required the assistance of an expert or investigator, nor did they request a hearing on the motions. The district court denied both motions, stating that "Defendant has not presented this Court with any justification for what the investigators or experts could help him discover or testify to on his behalf. . . . Until the Defendant provides to this Court a description of what evidence admissible at his trial the experts or investigators will help him present, then his request is DENIED." Rodriguez-Perez did not renew his motions.

---

[1] That provision reads in full: "Counsel for a person who is financially unable to obtain investigative, expert, or other services necessary for adequate representation may request them in an ex parte application. Upon finding, after appropriate inquiry in an ex parte proceeding, that the services are necessary and that the person is financially unable to obtain them, the court, or the United States magistrate judge if the services are required in connection with a matter over which he has jurisdiction, shall authorize counsel to obtain the services." 18 U.S.C. § 3006A(e)(1).

No. 09-41061

Rodriguez-Perez also filed numerous motions arguing that his 1995 Florida conviction for possession of cocaine was unlawful for a number of different reasons, including that he received ineffective assistance of counsel resulting in his guilty plea. In response, the Government filed a motion in limine seeking to "prohibit Defendant from offering testimony or argument regarding his 1995 [Florida] conviction for Possession of Cocaine and related charges." "The government anticipate[d] that Defendant w[ould] attempt to re-litigate his prior Possession of Cocaine conviction" and thus "request[ed] that Defendant be precluded from referencing his prior drug offense so as to avoid confusing the jury and re-litigating a matter that is wholly irrelevant to establishing or countering the elements of the offense for which Defendant currently stands charged." The district court granted the motion, stating "Defendant's prior conviction of a drug offense . . . is a relevant sentencing factor, not an element of the offense which the Government must prove at trial."

The case proceeded to trial by jury. The Government's witnesses testified that Rodriguez-Perez was apprehended walking around a checkpoint near the Texas-Mexico border and that he admitted to being an alien. A search of his administrative file revealed that he was not a United States citizen and that he had previously been deported from the United States to Mexico. Rodriguez-Perez testified as the only witness in his defense. He claimed to be an "American," but then admitted on cross-examination that he was born in Mexico and had been previously deported. The jury found Rodriguez-Perez guilty of one count of violating 8 U.S.C. § 1326(a) and (b).

The pre-sentence report stated that the conviction carried a base offense level of 8 and that the defendant's criminal history justified a 4-level enhancement under U.S.S.G. § 2L1.2(b)(1)(D), producing a total offense level of 12. Section 2L1.2(b)(1)(D) provides that a defendant's offense level should be "increase[d] by 4 level[s]" "[i]f the defendant previously was deported, or

3

No. 09-41061

unlawfully remained in the United States, after . . . a conviction for any . . . felony" for which a different enhancement is not specified in the provision. The pre-sentence report stated that the defendant was "last deported" on May 4, 2009 and thus any one of three convictions could justify the enhancement: (1) the 1995 Florida conviction for possession of cocaine; (2) a 2001 conviction for illegal re-entry; or (3) a March 2, 2009 conviction for illegal re-entry. The report also calculated that the defendant fell into criminal history category V. It did not assign any criminal history category points for the defendant's 1995 Florida conviction. Rodriguez-Perez's offense level of 12 and criminal history category of V resulted in a recommended Sentencing Guidelines sentencing range of 27 to 33 months of imprisonment. The probation officer recommended a 33-month sentence because of the defendant's criminal history, particularly his multiple convictions for illegal re-entry.

The district court adopted the findings of the pre-sentence report and the probation officer's recommendation, and sentenced the defendant to 33 months of imprisonment. In light of the defendant's claim that he received ineffective assistance of counsel resulting in his 1995 Florida conviction, an argument that the defendant renewed at sentencing, the district court noted that no criminal history category points had been added based on that conviction, that the court would not upwardly depart under the Guidelines based on the defendant's criminal history, and that the defendant's two prior convictions for illegal re-entry could "each individually serve as a basis" for the 4-level upward adjustment to the defendant's offense level imposed under U.S.S.G. § 2L1.2(b)(1)(D).

On appeal, now represented by counsel, the defendant presses two arguments: (1) that the district court abused its discretion in denying the defendant's motion for the appointment of an expert or investigator; and (2) that the defendant's conviction and sentence are invalid because his 1995 Florida

conviction for possession of cocaine resulted from ineffective assistance of counsel. We address each argument in turn.

## II.

"[W]e review the district court's denial of [the defendant's] motion for expert appointment under [18 U.S.C. § 3006A(e)] for abuse of discretion." *United States v. Hardin*, 437 F.3d 463, 468 (5th Cir. 2006). Our holdings do not "require in all circumstances that [the] district court hold a hearing on an ex parte application for appointment under § 3006A(e)." *Id.* at 470. "Neither the statute's plain language nor our caselaw interpreting it supports such a broad rule." *Id.* (citing *United States v. Gadison*, 8 F.3d 186, 191 (5th Cir. 1993); *United States v. Scott*, 48 F.3d 1389, 1395-96 (5th Cir. 1995)). "[T]he language of the statute requires [only] that the expert services not be authorized in the absence of an 'appropriate inquiry in an ex parte proceeding' and two determinations by the court: that the services are necessary for an adequate defense and that the defendant is financially unable to obtain those necessary services." *Id.* (quoting 18 U.S.C. § 3006A(e)(1)). Moreover, we have explained that the burden is on the defendant "[t]o justify the authorization of investigative services under § 3006A(e)(1), . . . demonstrat[ing] with *specificity*[] the reasons why such services are required." *Gadison*, 8 F.3d at 191 (citing *United States v. Davis*, 582 F.2d 947, 951 (5th Cir. 1978)). As explained above, the defendant did not provide any justification for why he needed an expert or investigator in either of his motions before the district court, nor does he provide such a justification in his brief before this court. Therefore, the district court did not abuse its discretion in denying Rodriguez-Perez's motion for appointment of an expert or investigator.

## III.

Rodriguez-Perez also argues on appeal that his instant conviction and sentence are unlawful because they are based on his 1995 Florida conviction for

possession of cocaine, which was unconstitutional because it resulted from ineffective assistance of counsel. He highlights that last year the Supreme Court held "that advice regarding deportation is not categorically removed from the ambit of the Sixth Amendment right to counsel." *Padilla v. Kentucky*, 130 S. Ct. 1473, 1482 (2010). In fact, "constitutionally competent counsel" must advise their criminal-defendant clients if a conviction would "subject [them] to automatic deportation," and the client may bring a claim of ineffective assistance under *Strickland v. Washington*, 466 U.S. 668 (1984), for his counsel's failure to provide such advice. *Padilla*, 130 S. Ct. at 1478. Rodriguez-Perez claims that he was not informed that his 1995 guilty plea would subject him to deportation and had he known of such a consequence, he would not have pled guilty and instead would have proceeded to trial. Therefore, he argues that in light of *Padilla* his 1995 conviction was unconstitutionally obtained, his subsequent deportation based on that conviction was invalid, and each of his subsequent convictions and sentences for illegal re-entry, including those in the instant case, are also invalid. Without deciding whether *Padilla* provides Rodriguez-Perez a claim that his 1995 conviction was unconstitutional, we conclude that his arguments against his instant conviction and sentence are unavailing.

A defendant may collaterally attack a prior conviction on the ground that it occurred in violation of his Sixth Amendment right to the appointment of counsel: "There is . . . a historical basis in our jurisprudence of collateral attacks for treating the right to have counsel appointed as unique . . . ." *Custis v. United States*, 511 U.S. 485, 494 (1994). "To permit a conviction obtained in violation of *Gideon v. Wainwright* to be used against a person either to support guilt or enhance punishment for another offense" re-introduces that prior conviction's "constitutional error" into the present proceeding, "den[ying]" the Sixth Amendment right to counsel "anew." *Burgett v. Texas*, 389 U.S. 109, 115 (1967). The courts "cannot permit such a result unless *Gideon v. Wainwright* is to suffer

serious erosion." *Id.* at 116. However, collateral attacks on a prior conviction claiming that the prior conviction was unlawful because of "the denial of the effective assistance of counsel" *do not* "rise[] to the level of a jurisdictional defect resulting from the failure to appoint counsel at all." *Custis*, 511 U.S. at 496; *see also United States v. Arango-Montoya*, 61 F.3d 1331, 1336 (7th Cir. 1995) ("The Supreme Court emphasized that collateral review of a prior conviction for failure to appoint counsel, as opposed to other collateral attacks to a prior conviction, is allowed because failing to appoint counsel for an indigent defendant is a unique constitutional defect." (citing *Custis*, 511 U.S. at 496)); *United States v. Daly*, 28 F.3d 88, 89 (9th Cir. 1994) ("A sole exception to the prohibition against collateral attack of previous state convictions is for the indigent defendant who was not appointed counsel at his state trial. Claims of denial of effective assistance of counsel, where counsel was appointed, and involuntarily pleading guilty do not fall within this exception." (citation omitted) (citing *Custis*, 511 U.S. at 496)). Therefore, absent specific statutory authorization to bring such a collateral attack in a later proceeding, a claim of ineffective assistance of counsel does not provide a basis on which a defendant can collaterally attack a prior conviction on which his present conviction or sentence rests.

Defendants charged under 8 U.S.C. § 1326 are authorized by the statute to bring an additional type of collateral attack. The statute states that "[i]n a criminal proceeding under this section, an alien may not challenge the validity of the deportation order . . . unless the alien demonstrates that-- (1) the alien exhausted any administrative remedies that may have been available to seek relief against the order; (2) the deportation proceedings at which the order was issued improperly deprived the alien of the opportunity for judicial review; and (3) the entry of the order was fundamentally unfair." 8 U.S.C. § 1326(d). "This rule effectively codifies the Supreme Court's decision in *United States v. Mendoza-Lopez*, 481 U.S. 828 (1987), which, as interpreted by our precedent,

7

No. 09-41061

permits a collateral constitutional challenge [to the underlying deportation proceeding] if the alien can 'establish that (1) the prior hearing was "fundamentally unfair"; (2) the hearing effectively eliminated the right of the alien to challenge the hearing by means of judicial review of the order; and (3) the procedural deficiencies caused the alien actual prejudice.'" *United States v. Villanueva-Diaz,* 634 F.3d 844, 849-50 (5th Cir. 2011) (quoting *United States v. Lopez-Vasquez*, 227 F.3d 476, 483 (5th Cir. 2000)). Therefore, even if a court could conclude that the instant conviction is unlawful because it is based on an order of removal which in turn is unlawful because it was based on a conviction resulting from ineffective assistance of counsel, § 1326(d) does not allow such an argument or conclusion unless Rodriguez-Perez can make out the three elements required by the Supreme Court and codified in the statute. Rodriguez-Perez has not even alleged these elements.

## IV.

For the foregoing reasons, we AFFIRM the defendant's conviction and sentence.