**UNITED STATES of America,**
**Plaintiff–Appellee,**

**v.**

**Vincent BURNOM, Defendant–Appellant.**

**No. 93–2884.**

United States Court of Appeals,
Seventh Circuit.

Argued April 15, 1994.

Decided June 17, 1994.

Before EASTERBROOK and RIPPLE, Circuit Judges, and DILLIN, District Judge.[*]

EASTERBROOK, Circuit Judge.

Vincent Burnom contests only his sentence—a sentence enhanced under the Armed Career Criminal Act, 18 U.S.C. § 924(e), by virtue of prior convictions. Burnom contends that one of the earlier convictions is invalid because the state judge did not furnish him necessary information before he pleaded guilty, and that he therefore may not receive a recidivist sentence.

■ *Custis v. United States,* —— U.S. ——, 114 S.Ct. 1732, 128 L.Ed.2d 517 (1994), holds that arguments of this kind are unavailing unless the defendant lacked counsel at the time of the earlier conviction. Burnom had lawyers in his prior prosecutions, so *Custis* forecloses the only avenue of attack on his sentence. In a memorandum filed after the Supreme Court's decision, Burnom argues that *Custis* should not be applied retroactively. But the Court applied its decision to Custis himself, and that decision

therefore governs all other litigation still on direct appeal. *Harper v. Virginia Department of Taxation,* —— U.S. ——, 113 S.Ct. 2510, 125 L.Ed.2d 74 (1993); *Griffith v. Kentucky,* 479 U.S. 314, 107 S.Ct. 708, 93 L.Ed.2d 649 (1987). Burnom invokes the ex post facto clause of the Constitution in an effort to deflect this outcome. Section 924(e) long predates his crime, however, and the ex post facto clause does not apply to judicial constructions of statutes. "The *Ex Post Facto* Clause is a limitation upon the powers of the Legislature, see *Calder v. Bull,* 3 U.S. (3 Dall.) 386, 1 L.Ed. 648 (1798), and does not of its own force apply to the Judicial Branch of government." *Marks v. United States,* 430 U.S. 188, 191, 97 S.Ct. 990, 992, 51 L.Ed.2d 260 (1977).

■ The due process clause, rather than the ex post facto clause, supplies criminal defendants' protection against novel developments in judicial doctrine. E.g., *Bouie v. Columbia,* 378 U.S. 347, 84 S.Ct. 1697, 12 L.Ed.2d 894 (1964); *Prater v. Parole Commission,* 802 F.2d 948, 952 (7th Cir.1986) (en banc). A "clear break" in the law that imposes criminal liability for acts not previously punishable may not be applied retroactively to criminal defendants' detriment. *Marks,* 430 U.S. at 196, 97 S.Ct. at 995. But *Custis* did not make punishable any conduct that was previously legal; it did not overrule any other case and was a logical application of *Lewis v. United States,* 445 U.S. 55, 100 S.Ct. 915, 63 L.Ed.2d 198 (1980), one we had anticipated in *United States v. Mitchell,* 18 F.3d 1355 (7th Cir.1994). See also *Smith v. Farley,* 25 F.3d 1363 (7th Cir.1994).

■ Before *Custis* some courts (other than this one) entertained the sort of indirect collateral attack Burnom wants to wage. That courts have rendered decisions later deemed erroneous by higher authority does not entitle criminal defendants to the benefits of those mistakes. *Lockhart v. Fretwell,* —— U.S. ——, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993). *Bouie* applies only to unpredictable shifts in the law, not to the resolution of uncertainty that marks any evolving legal

[*] Hon S. Hugh Dillin, of the Southern District of Indiana, sitting by designation.

system. We therefore affirm Burnom's sentence without considering whether his prior conviction would have been sustained had an appeal from that conviction been taken or a proper collateral attack been waged against it.

AFFIRMED.