**AMCAST INDUSTRIAL CORPORATION and Elkhart Products Corporation, Plaintiffs–Appellees,**

v.

**DETREX CORPORATION, Defendant–Appellant.**

No. 94–2026.

United States Court of Appeals, Seventh Circuit.

Submitted Nov. 29, 1994.

Decided Jan. 10, 1995.

Robert J. Palmer (submitted), May, Oberfell & Lorber, South Bend, IN, D. Jeffrey Ireland, Ann Wightman, Mary L. Wiseman, Paul L. Horstman, Faruki, Gilliam & Ireland, Dayton, OH, for plaintiffs-appellees.

John Gerald Gleeson, Howard & Howard, Bloomfield Hills, MI, Richard Fitzgerald, Westchester Fire Ins. Co., Lyndhurst, NJ, for defendant-appellant.

Before POSNER, Chief Judge, and FLAUM and KANNE, Circuit Judges.

POSNER, Chief Judge.

This is a sequel to the decision of the same panel reported at 2 F.3d 746 (7th Cir.1993), in which we largely affirmed a judgment that the district court had entered in December of 1992 declaring that Detrex Corporation was liable to the plaintiffs for "response costs" under the Superfund statute, 42 U.S.C. § 9613(g)(2), and that these response costs included the attorneys' fees that the plaintiffs had incurred to establish Detrex's liability. No assessment of attorneys' fees had yet been made, however. More than a year later—March 1994—the district court entered an order directing Detrex to pay more than $500,000 in attorneys' fees, from which Detrex appeals. In June, while this appeal was pending, the Supreme Court decided *Key Tronic Corp. v. United States,* —— U.S. ——, 114 S.Ct. 1960, 128 L.Ed.2d 797 (1994), holding that response costs do *not* include attorneys' fees. Detrex argues that the doctrine of law of the case permits us to reconsider, in light of *Key Tronic,* our earlier ruling that response costs include attorneys' fees. The plaintiffs call the ruling res judicata, precluding reconsideration. We affirmed the district court's declaratory judgment in all but one respect, and this unrelated to the amount of response costs for which Detrex was liable or to the issue whether those costs include attorneys' fees. (The district judge had based liability on Detrex's status not only as an owner and operator of tanker trucks but also as an arranger of transportation by a common carrier, and we held that it was liable only as an owner and operator.) The plaintiffs ask us to hold that when we affirmed the relevant portions of the declaratory judgment, and the Supreme Court denied certiorari, the judgment became "final" for purposes of res judicata.

 If in our first decision we had merely ruled that response costs include attorneys' fees, and had remanded for the entry of an appropriate judgment, it would be reasonably clear that the ruling was merely an interim ruling in an ongoing case. The doctrine of law of the case, which governs the weight that interim rulings in a litigation are given in the subsequent stages of that litigation, *Williams v. Commissioner,* 1 F.3d 502, 503–04 (7th Cir.1993); *Devines v. Maier,* 728 F.2d 876, 880 (7th Cir.1984), would apply—not res judicata—and would permit reconsideration on the basis of an intervening decision by the Supreme Court. *Key v. Sullivan,* 925 F.2d 1056, 1060 (7th Cir.1991); *Young v. Herring,* 938 F.2d 543, 547–48 (5th Cir.1991) (en banc). We did more. We affirmed, with an immaterial exception, a declaratory judgment one element of which was a declaration that the plaintiffs were entitled to an award of attorneys' fees in an amount not yet determined. The Supreme Court denied certiorari. All

this happened before the *Key Tronic* decision.

■ The denial of certiorari is a red herring. It marks the end of the appellate process and so, if the judgment from which certiorari was sought were itself a final judgment (the significance of this qualification will become clear in due course), it establishes finality in a strong sense. But we shall see that a final judgment is res judicata even if it is still appealable. A more important though not necessarily decisive point is that our ruling when last this case was before this panel was not a final judgment in the sense in which 28 U.S.C. § 1291 (the "final judgment" rule of federal appealability) makes certain decisions by district courts final and appealable; and the black-letter rule is that the doctrine of res judicata requires a final judgment. *Federated Department Stores v. Moitie*, 452 U.S. 394, 398–99, 101 S.Ct. 2424, 2427–28, 69 L.Ed.2d 103 (1981); *Herrmann v. Cencom Cable Associates, Inc.*, 999 F.2d 223, 224 (7th Cir.1993). This is true whether one is speaking of res judicata in its narrow sense ("claim preclusion") as a bar against relitigating or splitting claims, or of collateral estoppel ("issue preclusion"), which bars the relitigation, in subsequent proceedings between the same parties, of specific issues heard and decided in their previous suit. "Subsequent proceedings" may, it is true, include collateral proceedings in the same litigation—a pertinent observation since the dispute in this appeal concerns attorney's fees. Suppose a final judgment were rendered in a plaintiff's favor and later he moved for an award of attorney's fees or for an order that the defendant disclose the whereabouts of assets needed to pay the judgment. The plaintiff could not in those subsequent, collateral proceedings reopen issues settled by the final judgment, on the ground that the suit was ongoing. The suit would have ended. Collateral proceedings are—collateral. They do not disturb finality. The application of collateral estoppel to prevent relitigation in such proceedings is consistent, therefore, with the principle that collateral estoppel like res judicata applies only when there has been a final judgment.

■ And yet the principle itself is not unwavering. It is adhered to much more strictly when the issue is the applicability of res judicata than when it is the applicability of collateral estoppel, *Restatement (Second) of Judgments* § 13, comments a, g (1982), but even there there have been occasional exceptions. See, e.g., *Alyeska Pipeline Service Co. v. United States*, 688 F.2d 765, 231 Ct.Cl. 540 (1982). (There are few generalizations in American law to which there are no exceptions.) Yet a good deal more latitude is allowed when collateral estoppel is invoked rather than res judicata. In *Miller Brewing Co. v. Joseph Schlitz Brewing Co.*, 605 F.2d 990, 996 (7th Cir.1979), and *Gilldorn Savings Ass'n v. Commerce Savings Ass'n*, 804 F.2d 390, 393 (7th Cir.1986), we adopted Judge Friendly's suggestion in *Lummus Co. v. Commonwealth Oil Refining Co.*, 297 F.2d 80, 89 (2d Cir.1961), that "whether a judgment, not 'final' in the sense of 28 U.S.C. § 1291, ought nevertheless be considered 'final' in the sense of precluding further litigation of the same issue, turns upon such factors as the nature of the decision (i.e., that it was not avowedly tentative), the adequacy of the hearing, and the opportunity for review." See also *Avitia v. Metropolitan Club of Chicago, Inc.*, 924 F.2d 689 (7th Cir.1991); *United States v. Sherman*, 912 F.2d 907, 909 (7th Cir.1990); *Restatement, supra*, § 13, comment g. And it is collateral estoppel rather than res judicata to which the plaintiffs are appealing in this case. New claims or split claims are not in question. The plaintiffs want us to prevent Detrex from relitigating a specific issue, whether response costs include attorneys' fees.

And although, as the "requirement" of a final judgment implies, res judicata or collateral estoppel is normally asserted in a separate case from the one in which the judgment or ruling sought to be used as a bar to further litigation was rendered, there are exceptions to this principle too. See, e.g., *Avitia v. Metropolitan Club of Chicago, Inc.*, *supra*; *Alyeska Pipeline Service Co. v. United States, supra*; *Lair v. Oglesby*, 14 F.3d 15, 17 n. 2 (8th Cir.1993); *Bullen v. de Bretteville*, 239 F.2d 824, 829 (9th Cir.1956). As one expects, they mainly concern collateral

estoppel. *Avitia* will illustrate. The district judge denied a preliminary injunction, and the disappointed movants could of course have appealed even though there was no final judgment. 28 U.S.C. § 1292(a)(1). They did not. Instead they renewed their motion for a preliminary injunction. We said that reconsideration of the ground on which the district judge had denied the first motion was barred by collateral estoppel. The movants had had a full and fair opportunity to litigate the issue, and it had been decided in a final, appealable order. They had deliberately delayed in seeking an authoritative resolution.

We must situate the present case in this welter of principles and exceptions. It is helpful to orderly discussion to ask first whether there is a final judgment in the sense of 28 U.S.C. § 1291 and then whether, if not, the absence can be ·overlooked on the authority of cases such as *Avitia.*

We did not actually affirm the declaratory judgment that the district judge had issued in December 1992. We reversed in part and remanded for further proceedings, which resulted in the issuance of a new declaratory judgment in April 1994, the month after the attorneys' fees order was entered. Although the new declaratory judgment was not significantly different from the old one, it was a new, final judgment from which Detrex could have appealed and in fact did appeal. (Its appeal is from both the award of attorney's fees and the second declaratory judgment, although the only relief it seeks concerns the attorney's fees.) Moreover, even if the remand could be ignored, as immaterial to attorney's fees, the propriety of treating as final and appealable a declaratory judgment that declares a right to attorneys' fees in an amount yet to be determined is questionable, to say the least. *Szabo v. U.S. Marine Corp.,* 819 F.2d 714, 717 (7th Cir.1987), compares such a declaration to a ruling on liability, leaving damages for later determination, and points out that such a ruling is not a final, appealable judgment. If so, there was no final judgment in this case when *Key Tronic* was decided even if the remand for modification of the declaratory judgment is ignored.

We can approach the question slightly differently, though with the same result. Orders concerning attorneys' fees are normally deemed collateral to the litigation in which they are awarded. *Budinich v. Becton Dickinson & Co.,* 486 U.S. 196, 108 S.Ct. 1717, 100 L.Ed.2d 178 (1988). Probably, therefore, the declaratory judgment should have been deemed to consist of two orders, one declaring Detrex's liability for response costs other than attorney's fees, the other its liability for attorney's fees. Cf. *Szabo v. U.S. Marine Corp., supra,* 819 F.2d at 717. The latter order, though possibly reviewable together with the former under the doctrine of pendent appellate jurisdiction, *id.* at 717, would have been deemed nonfinal until the amount of fees was determined and the fees were ordered paid. *Apex Fountain Sales, Inc. v. Kleinfeld,* 27 F.3d 931, 935–36 (3d Cir.1994); see also *Szabo v. U.S. Marine Corp., supra,* 819 F.2d at 717. That did not happen until March of 1994.

So either the lawsuit as a whole was still pending when *Key Tronic* was decided, or the order awarding attorneys' fees—the only part of the lawsuit affected by that decision—was still pending. Either way, there was no final judgment; but we have seen that a final judgment is not an absolute requirement of collateral estoppel. (Another way to put this, though it comes to the same thing, is that finality has a different meaning when the issue is appealability and when the issue is collateral estoppel, or in rare cases res judicata. See *Restatement, supra,* comment b.) And, superficially at least, the *Lummus* criteria seem fulfilled in this case. We had decided, upon full hearing and, we thought, with finality, that response costs do include attorneys' fees. Certiorari had been sought and denied. The issue was concluded, and could not have been reexamined by the district court; only the amount of attorneys' fees, not the plaintiffs' entitlement to them, remained for further consideration. We had decided the issue of entitlement "finally."

*We* had. But Detrex had not exhausted its appellate remedies. The Supreme Court has jurisdiction to review nonfinal decisions by the courts of appeals, 28

U.S.C. § 1254(1); *Forsyth v. Hammond,* 166 U.S. 506, 17 S.Ct. 665, 41 L.Ed. 1095 (1897); 17 Charles Alan Wright, Arthur R. Miller, and Edward H. Cooper, *Federal Practice and Procedure* § 4036 (2d ed. 1994), such as our decision affirming in part and reversing in part the first declaratory judgment. A denial of certiorari from one of these nonfinal decisions does not preclude a grant of certiorari to review the identical issue at a later stage in the case. *Hughes Tool Co. v. Trans World Airlines, Inc.,* 409 U.S. 363, 365 n. 1, 93 S.Ct. 647, 650 n. 1, 34 L.Ed.2d 577 (1973); 16 Charles Alan Wright *et al., Federal Practice and Procedure* § 4004, p. 511 (2d ed. 1994). Clearly, then, this case is not yet final in the eyes of the Supreme Court. If we refuse to apply *Key Tronic,* Detrex can ask the Supreme Court to grant review and direct us to do so. The Court is quite likely to oblige, since its policy is to apply new decisions to all cases that were not yet final when the new decision came down. *Harper v. Virginia Dept. of Taxation,* —— U.S. ——, ——, 113 S.Ct. 2510, 2517, 125 L.Ed.2d 74 (1993); *United States v. Burnom,* 27 F.3d 283 (7th Cir.1994).

 Although judgments that have not yet been, and still can be, appealed, are res judicata (or have collateral-estoppel effect), *Williams v. Commissioner, supra,* 1 F.3d at 504, the reasons are to discourage the filing of a new suit when the loser of the prior suit still has a remedy in that suit, *id.* at 504, and to discourage the parties to dawdle awaiting the decision on appeal of another suit, and neither reason is applicable to a case such as this where the doctrine is invoked in an effort to prevent the loser from exhausting his appellate remedies. Detrex is not bringing a new suit. Nor did it, so far as we can tell, delay the resolution of this suit in the hope that the Supreme Court would bail it out. It is asking us to give it an appellate remedy in its only suit. If we do not, the Supreme Court will.

We admit that there is an element of circularity in relying on this last point, for if we decided that the doctrine of collateral estoppel forbade us to apply *Key Tronic,* this would furnish an independent basis for a decision not to award the plaintiffs attorney's fees, and if the Court agreed it would not reverse us even if the result was an outcome contrary to *Key Tronic.* But the essential point is that Detrex should not be deprived of its full appellate remedies in the name of collateral estoppel.

 What has made this case complicated to analyze is the apparent merger of law of the case and collateral estoppel that has been brought about by allowing collateral estoppel to be based on judgments that are not final and appealable, that are, therefore, in a sense merely interim rulings, as in this case. For interim rulings are the domain of the law of the case doctrine. As both law of the case and collateral estoppel are flexible doctrines, classification need not be critical. Both doctrines express a reluctance motivated by a desire to promote the inexpensive and expeditious dispatch of litigation to reopen issues that have been resolved with a fair approach to definitiveness. That definitiveness is missing where as in this case a litigant has not exhausted his appellate remedies—recall that "opportunity for review" was one of the factors mentioned by Judge Friendly in *Lummus* as bearing on the decision whether to give collateral estoppel effect to a nonfinal order.

 It is true as we have noted that exhaustion of appellate remedies is not a normal requirement of res judicata or collateral estoppel. A final judgment by a district court has preclusive effect even though the judgment is pending on appeal. But of course the only preclusion is of other suits, or of specific issues in other suits; the losing party is not precluded from pressing his appeal! Which describes this case. Until our ruling on the scope of response costs became final, Detrex was entitled to pursue its appellate remedies, and hence to obtain the benefit of a favorable decision by the Supreme Court rendered before the pursuit was complete.

The order awarding attorneys' fees is

REVERSED.