**DETREX CORPORATION, Plaintiff,**

v.

**AMCAST INDUSTRIAL CORPORATION, et al., Defendants.**

No. S92–663M.

United States District Court, N.D. Indiana, South Bend Division.

March 22, 1995.

Arthur G. Surguine, James J. Shea, Hunt Suedhoff Borror and Eilbacher, Fort Wayne, IN, John Gerald Gleeson, Michael V. Sucaet, Howard and Howard, Bloomfield Hills, MI, for Detrex Corp.

Ann Wightman, D. Jeffrey Ireland, Faruki Gilliam and Ireland, Dayton, OH, for Amcast Indus. Corp.

Robert J. Palmer, Sr., May Oberfell and Lorber, South Bend, IN, Ann Wightman, D. Jeffrey Ireland, Faruki Gilliam and Ireland, Dayton, OH, for Elkhart Prod. Corp., Gary L. Emerson, Marvin E. Holmgren, Robert J. Kennedy, Earl L. Nelson, Robert A. Peterson, William F. Walker, Douglas A. Worth.

Stephen T. Grossmark, Michael N. Ripani, Edmund J. Siegert, Sharon M. Davis, Tressler Soderstrom Maloney and Priess, Chicago, IL, for Transport Services Co.

## MEMORANDUM AND ORDER

MILLER, District Judge.

This cause is before the court on the motions of the Amcast defendants[1] ("Amcast") for leave to file a second amended counterclaim and cross-claim and for oral argument, and on Detrex's motion to alter or amend under Fed.R.Civ.P. 59(e). Because the parties' thorough memoranda sufficiently aid the court, oral argument is unnecessary.

The court presumes familiarity with the facts in the instant case, as well as the facts and rulings in *Amcast Indus. Corp., et al. v. Detrex Corp., et al.,* 779 F.Supp. 1519 (N.D.Ind.1991), *later proceeding,* 822 F.Supp. 545 (N.D.Ind.1992), *aff'd in part, rev'd in part, and remanded,* 2 F.3d 746 (7th Cir. 1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 691, 126 L.Ed.2d 658 (1994) (*Amcast I*). For the following reasons, Amcast's motion for leave to file a second amended counterclaim and cross-claim is granted in part and denied in part, and Detrex's motion to alter or amend is denied.

### A.

In *Amcast I,* the court held Detrex liable for, among other things, the response costs that Amcast incurred in remediating the environmental contamination on Elkhart Products' property. Detrex then brought this action against Amcast and Transport seeking contribution for part, or all, of the response costs which the court ordered Detrex to pay Amcast. On March 2, 1993, Amcast filed a counterclaim against Detrex, alleging liability under common law negligence, under § 113 of the Comprehensive Environmental Response, Compensation and Liability Act of 1980 ("CERCLA"), 42 U.S.C. § 9613, and for contribution under IND.CODE § 34–4–33–3; Amcast filed identical cross-claims against co-defendant Transport Services Company. Amcast amended the counter-claims and cross-claims on June 1, 1993.

On October 7, 1993, the court granted Detrex's motion to dismiss Amcast's counterclaims on the basis that the counterclaims are barred by the doctrine of *res judicata* in light of the court's final judgment in *Amcast I.* Amcast moved for reconsideration of that order on November 5, 1993, but withdrew its motion for reconsideration two weeks later. Now Amcast seeks leave to file a second amended counterclaim against Detrex and cross-claim against Transport Services. Detrex opposes Amcast's motion; Transport Services has not responded. Because Transport Services has not objected to Amcast's motion, the motion is granted with respect to the second amended cross-claim against Transport Services.

Amcast contends that its second amended counterclaim against Detrex is "necessary to (1) conform the Amcast Defendants' allegations against Detrex ... to the evidentiary record developed to date; and (2) conform the Amcast Defendants' allegations and claims against Detrex ... to the claims asserted against the Amcast Defendants in Detrex's second amended complaint ..." Thus, Amcast appears to contend that the proposed second amended counterclaim against Detrex merely refines its previous counterclaims against Detrex. This conclusion is bolstered by Amcast's further explanation of its motion contained in a footnote:

> Absent leave to file the second amended counterclaim ..., the same claims against Detrex ... will remain by virtue of the Amcast Defendants' first amended counterclaim ..., but the clarity of the existing allegations have been blurred by the force of the ongoing factual and legal developments in this litigation.

The second amended counterclaim against Detrex would not, however, merely clarify preexisting counterclaims; rather, the second amended counterclaim would actually reinstate Amcast's § 113 claim against Detrex even though that counterclaim was entirely dismissed on October 7, 1993. Thus, Detrex opposes Amcast's motion arguing that the counterclaim is barred by the doctrine of *res judicata* consistent with the October 7, 1993 dismissal of Amcast's counterclaims.

---

1. The Amcast defendants include Amcast Industrial Corporation, Elkhart Products Corporation, Gary Emerson, Marvin Holmgren, Robert Kennedy, Earl Nelson, Robert Petersen, William Walker, and Douglas Worth.

Amcast contends that the second amended counterclaim does more than merely restate the earlier counterclaim, asserting that it "expressly raises CERCLA contribution claims.... for sites and environmental contamination that were never at issue in *Amcast I.*" For example, Amcast argues that a final judgment was never reached in *Amcast I* on the response costs related to the Main Street Well Field (the "MSWF"), and thus *res judicata* could not attach to its action with respect to the MSWF. But Amcast fails to explain how its second amended counterclaim differs from the earlier counterclaims that the court dismissed in 1993, which specifically alleged that "Amcast ... [is] entitled to contribution from Detrex ... pursuant to CERCLA § 113(f), 42 U.S.C. § 9613(f), for all response costs incurred by ... Amcast ... associated with the clean up of the Main Street Well Field site." See Amcast's Counterclaim at ¶ 44.

Amcast also contends that at least some of the individual defendants in this litigation were not parties subject to the final judgment in *Amcast I,* and that "Detrex has never established that privity exists between the Individual Defendants and the Corporate Defendants allowing res judicata to bar any claim by the Individual Defendants against Detrex." Whether Detrex has ever established that the Amcast defendants, both corporate and individual, are subject to *res judicata* is irrelevant because Amcast has admitted as much both in response to Detrex's motion to dismiss its earlier counterclaims and in support of its earlier summary judgment motion based on *res judicata:* "In short, the Amcast Defendants agree with Detrex that for the purposes of res judicata the parties in *Amcast I* and this lawsuit are identical." Amcast's Brief in Support of Summary Judgment motion, at 11.

In its October 7, 1993 order, the court explained in detail that *res judicata* barred Amcast's counterclaims because they were derived from the same "basic core of operative facts alleged in *Amcast I.*" Beyond repeating the allegations of Detrex's complaint, Amcast's second amended counterclaim does little to establish any allegations separate from that "basic core of operative

facts." A motion for leave to file a second amended counterclaim based on the same basic core of operative facts is not the proper method of objecting to the court's order dismissing Amcast's earlier counterclaims; had Amcast desired to challenge the soundness of that decision, it should not have withdrawn its timely motion for reconsideration.

The doctrine of *res judicata* "acts as a bar not only to those issues which were raised and decided in the earlier litigation but also to those issues which could have been raised in that litigation." *Car Carriers, Inc. v. Ford Motor Co.,* 789 F.2d 589, 593 (7th Cir.1986) (citations omitted). For the reasons stated in the October 7, 1993 order, the doctrine of *res judicata* bars Amcast's § 113 claim against Detrex contained in its second amended counterclaim. Accordingly, the court will deny Amcast's motion for leave to file the second amended counterclaim with respect to its claim against Detrex, but will grant the motion with respect to its cross-claim against Transport Services.

### B.

Detrex has moved to alter or amend the court's July 28, 1994 Memorandum and Order granting in part and denying in part Amcast's motions for a protective order and for a stay. In that order, the court granted Amcast's motion for a protective order prohibiting "any discovery directed towards whether the response costs incurred in *Amcast I* or in the present suit were necessary and consistent with the NCP until resolution of the appeal in *Amcast I,*" and stayed the cause in part ("with respect to any discovery or dispositive motions concerning the response costs' necessity and consistency with the NCP") "until the Seventh Circuit decides Detrex's pending appeal in *Amcast I.*"

Eight days later, the Seventh Circuit dismissed Detrex's appeal on the NCP issues and barred Detrex from relitigating whether the response costs were necessary and consistent with the NCP. *Amcast Industrial Corp. v. Detrex Corp.,* No. 94–2026 at 1 (7th Cir. Aug. 5, 1994). On January 10, 1995, the Seventh Circuit resolved the remaining issues in Detrex's appeal in *Amcast I. Amcast Industrial Corp. v. Detrex Corp.,* 45 F.3d 155

(7th Cir.1995). Thus, both the stay and protective order granted on July 28, 1994 automatically terminated pursuant to the language of the July 28 order when the Seventh Circuit dismissed the NCP issues. Therefore, Detrex's motion to alter or amend the court's July 28, 1994 memorandum and order is moot, and is denied as such.

### C.

In conclusion, the court:

(1) DENIES the Amcast Defendants' motion for oral argument (filed November 18, 1994 (# 268));

(2) GRANTS IN PART and DENIES IN PART the Amcast Defendants' motion for leave to file a second amended counterclaim and cross-claim (filed September 30, 1994 (# 250)) as follows:

a) the motion is granted with respect to the second amended cross-claim against defendant Transport Services Company; and

b) the motion is denied with respect to the second amended counterclaim against Detrex Corporation; and

(3) DENIES AS MOOT Detrex's motion to alter or amend the court's July 28, 1994 Memorandum and Order (filed August 9, 1994 (# 232)).

SO ORDERED.