Docket Nos. 79056, 79057 cons.--Agenda 5--March 1996.

    THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. HILARION GRANADOS,

                                  Appellee.

                         Opinion filed May 23, 1996.

     CHIEF JUSTICE BILANDIC delivered the opinion of the court:

     The issue in these consolidated appeals is whether the circuit court was

authorized to impose extended-term sentences on the defendant, Hilarion

Granados, for each of his four felony convictions. In each of two cases, the

defendant pled guilty to one count of driving under the influence of alcohol

and one count of driving while license revoked. The circuit court of

Whiteside County found the defendant subject to an extended-term sentence of

six years' imprisonment for each conviction. The defendant appealed in both

cases. The appellate court held that the defendant was not subject to

extended-term sentences and reduced the defendant's sentences accordingly.

Nos. 3--93--0198, 3--93--0884 (unpublished orders under Supreme Court Rule

23). We accepted the State's petition for leave to appeal in each case (155

Ill. 2d R. 315), and consolidated them. We now reverse the judgment of the

appellate court and affirm the sentences imposed upon the defendant by the

circuit court in both cases.

                                     FACTS

     In case no. 79057, the defendant was charged by information on June 15,

1992, with one count of driving under the influence of alcohol (DUI) and one

count of driving while license revoked (DWLR). Each offense was alleged to

have occurred on June 12, 1992. The DUI offense was charged as a Class 4

felony based on the defendant's prior DUI convictions. The DWLR offense was

also charged as a Class 4 felony based on the defendant's prior DWLR

convictions. On September 1, 1992, the defendant pled guilty to each count in

open court and was admonished that he could receive extended-term sentences

of three to six years' imprisonment. On October 16, 1992, the defendant was

sentenced on each count to an extended term of six years' imprisonment.

     The defendant filed a pro se notice of appeal to the appellate court on

January 20, 1993. The appellate court dismissed that appeal. Thereafter, the

defendant filed a petition for post-conviction relief in which he charged

that his trial counsel was ineffective for failing to "file an appeal" for

him. The trial court denied the petition. The defendant appealed to the

appellate court, third district, arguing that his counsel was ineffective

because he was not subject to extended-term sentences. The appellate court

agreed and reduced the defendant's sentences to the maximum nonextended term

of three years' imprisonment. No. 3--93--0884 (unpublished order under

Supreme Court Rule 23).

     In case no. 79056, the defendant was charged by information on September

25, 1992, with one count of DUI and one count of DWLR, each offense alleged

to have occurred on September 17, 1992. Each offense was charged as a Class

4 felony based upon the defendant's prior convictions. On November 25, 1992,

the defendant pled guilty to each count in open court, and was admonished

that he could receive extended-term sentences of three to six years'

imprisonment. On January 15, 1993, the defendant was sentenced on each count

to an extended term of six years' imprisonment. These sentences were ordered

to run consecutively to those imposed in case no. 79057.

     The defendant filed motions to withdraw his guilty pleas and for a

reduction of his sentences. The trial court denied these motions. The

defendant appealed to the appellate court, third district, on the ground that

he was not subject to extended-term sentences. The appellate court agreed and

reduced the defendant's sentences to the maximum nonextended term of three

years' imprisonment. No. 3--93--0198 (unpublished order under Supreme Court

Rule 23).

     The third district of the appellate court applied the same reasoning in

reducing the defendant's sentences in each appeal. The appellate court

determined that the defendant's sentencing was governed by the third

district's decision in People v. Spearman, 108 Ill. App. 3d 237 (1982),

because the defendant's crimes were committed within the third district of

the appellate court in June and September of 1992, and Spearman was the

controlling precedent in that district at that time. Spearman held that the

extended-term sentencing statute was not applicable to felonies that had been

enhanced from misdemeanors by the defendant's prior convictions. The

appellate court noted that it had expressly overruled Spearman in People v.

Martin, 240 Ill. App. 3d 260 (1992), a decision announced in December of

1992. The opinion in Martin, however, stated that it was limited to

prospective application only because it had overruled the third district's

prior precedent, Spearman. Therefore, the appellate court found that Martin

did not apply to the defendant's sentencing because the defendant's crimes

occurred before Martin was announced. The appellate court further found that

to apply Martin retroactively to the defendant would violate due process as

the equivalent of an ex post facto law. The appellate court noted that this

court's recent decision in People v. Hicks, 164 Ill. 2d 218 (1995), had

decided that the extended-term statute applied to felonies enhanced from

misdemeanors. Hicks was therefore in accordance with Martin and contrary to

Spearman. The appellate court determined, however, that Hicks could not be

retroactively applied to the defendant.

                                    ANALYSIS

     As noted, in each of these cases, the defendant pled guilty to the

offenses of driving under the influence of alcohol (625 ILCS 5/11--501(a),

(d)(1) (West 1992)) and driving while license revoked (625 ILCS 5/6--303

(West 1992)). Each of these offenses is classified as a Class A misdemeanor.

625 ILCS 5/11--501(c), 6--303(a) (West 1992). The Illinois Vehicle Code

provides, however, that DUI is enhanced to a Class 4 felony when the

defendant has previously been convicted of that same offense two or more

times. 625 ILCS 5/11--501(d)(1) (West 1992). Likewise, DWLR is treated as a

Class 4 felony when the defendant has previously been convicted of that

offense and the original revocation or suspension was the result of a

violation of the DUI statute. 625 ILCS 5/6--303(d) (West 1992). At the time

the defendant committed his offenses, he had at least three prior DUI

convictions and eight prior DWLR convictions. There is no dispute that each

of the defendant's offenses in the instant cases was properly charged as a

Class 4 felony based upon his prior convictions.

     The defendant was found subject to an extended-term sentence for each of

the instant convictions pursuant to section 5--5--3.2(b)(1) of our Unified

Code of Corrections. 730 ILCS 5/5--5--3.2(b)(1) (West 1992). Pursuant to that

section, an extended-term sentence may be imposed when a defendant:

               "is convicted of any felony, after having been previously

          convicted *** of the same or similar class felony or greater class

          felony, when such conviction has occurred within 10 years after the

          previous conviction, excluding time spent in custody, and such

          charges are separately brought and tried and arise out of different

          series of acts." 730 ILCS 5/5--5--3.2(b)(1) (West 1992).

The extended-term sentence permissible for a Class 4 felony is a term of

imprisonment not less than three years and not more than six years. 730 ILCS

5/5--8--2(a)(6) (West 1992).

     The defendant does not dispute that his past criminal convictions

satisfied the requirements of section 5--5--3.2(b)(1). Nevertheless, the

defendant contends he was not subject to extended-term sentencing under that

provision. The defendant's sole basis for this contention is that his instant

Class 4 felony convictions for DUI and DWLR do not amount to felonies within

the meaning of that section. The defendant argues that the phrase "any

felony" in section 5--5--3.2(b)(1) does not encompass a misdemeanor that has

been enhanced to a felony by reason of prior convictions.

     The defendant's contention was recently rejected by this court in People

v. Hicks, 164 Ill. 2d 218 (1995). In Hicks, this court was asked to resolve

a conflict among the decisions of our appellate court with respect to whether

a trial court may impose an extended-term sentence for a felony conviction

where that felony was enhanced from a misdemeanor because of the defendant's

past criminal convictions. This court in Hicks rejected the defendant's

contention that the phrase "any felony" in the extended-term sentencing

provision was ambiguous and should be construed to exclude such enhanced

misdemeanors. Rather, we found, the plain language of the provision

explicitly states that it applies to "any felony" and makes no exception for

misdemeanors that have been enhanced to felonies in accordance with the

legislature's direction. The words "any felony," we concluded, are broad in

scope and apply to a misdemeanor that has been enhanced to a felony by reason

of prior criminal convictions. Hicks, 164 Ill. 2d at 223. This court's

holding in Hicks thus defeats the defendant's argument that the phrase "any

felony" in section 5--5--3.2(b)(1) does not encompass his felony convictions

in the instant cases.

     The defendant contends that Hicks should not apply to him because his

offenses occurred before Hicks was announced by this court. As a general

rule, however, this court's decisions apply to all cases that are pending

when the decision is announced, unless this court directs otherwise. See

Lannom v. Kosco, 158 Ill. 2d 535, 538 (1994); People v. Stack, 112 Ill. 2d

301, 309 (1986); People v. Phillips, 219 Ill. App. 3d 877, 879 (1991). But

cf. Griffith v. Kentucky, 479 U.S. 314, 93 L. Ed. 2d 649, 107 S. Ct. 708

(1987); Teague v. Lane, 489 U.S. 288, 103 L. Ed. 2d 334, 109 S. Ct. 1060

(1989) (discussing rules of retroactivity where a judicial decision announces

a new constitutional rule of criminal procedure that is favorable to the

defendant). We did not direct that our decision in Hicks be applied

prospectively only. To the contrary, we applied our interpretation of section

5--5--3.2(b)(1) to uphold the extended-term sentence imposed on Hicks, who

committed his crime in February of 1992. The defendant's cases were pending

in the appellate court at the time this court announced its decision in

Hicks. Hicks therefore applies and defeats the defendant's claim.

     The defendant argues, however, that the application of Hicks to his

cases would violate the prohibition on ex post facto laws because Hicks

constituted a change from the law which had been expressed at the time of his

crimes. The defendant contends that the controlling law at the time of his

offenses was the rule stated in a decision of the third district of our

appellate court, People v. Spearman, 108 Ill. App. 3d 237 (1982). In

Spearman, the defendant had been sentenced to an extended term of five years'

imprisonment for stealing less than $15 worth of meat from a supermarket. The

appellate court in that case held, citing "the interest of lenity," that an

extended-term sentence was improperly imposed because section 5--5--3.2(b)(1)

did not authorize the imposition of an extended-term sentence for a

misdemeanor that has been enhanced to a felony because of prior convictions.

Spearman, 108 Ill. App. 3d at 240.

     The defendant acknowledges that Spearman was expressly overruled by the

third district of the appellate court in a decision filed in December of

1992, People v. Martin, 240 Ill. App. 3d 260 (1992). Martin interpreted

section 5--5--3.2(b)(1) in the same manner this court did in Hicks. The

defendant also acknowledges that Spearman is no longer valid after this

court's decision in Hicks. The defendant nonetheless contends that his

sentencing in the instant cases must be governed by Spearman because his

offenses occurred within the third district of the appellate court in June

and September of 1992 and Spearman was "controlling" in the third district at

that time. The defendant argues that, because the rule of Spearman

constituted the law in the third district at the time he committed his

offenses, it would be violative of the prohibition on ex post facto laws to

apply the "change" in the law wrought by Martin and Hicks retroactively to

him.

     Article I of the United States Constitution provides that neither

Congress nor any state shall pass any "ex post facto Law." See U.S. Const.,

art. I, §9, cl. 3; art. I, §10, cl. 1. Encompassed within this prohibited

class of laws is, inter alia, a law that " `changes the punishment, and

inflicts a greater punishment, than the law annexed to the crime, when

committed.' " (Emphasis omitted.) 

Collins v. Youngblood, 497 U.S. 37, 42, 111 L. Ed. 2d 30, 38, 110 S. Ct.

2715, 2719 (1990), quoting Calder v. Bull, 3 U.S. (3 Dall.) 386, 390, 1 L.

Ed. 648, 650 (1798). The purpose of this constitutional prohibition is to

ensure that legislative enactments "give fair warning of their effect and

permit individuals to rely on their meaning until explicitly changed." Weaver

v. Graham, 450 U.S. 24, 28-29, 67 L. Ed. 2d 17, 23, 101 S. Ct. 960, 964

(1981).

     While the language of the ex post facto clause speaks to legislative

enactments and does not on its face apply to judicial action, it is has been

held that the prohibition applies to judicial interpretations of statutory

law. Marks v. United States, 430 U.S. 188, 191-92, 51 L. Ed. 2d 260, 265, 97

S. Ct. 990, 992-93 (1977); Bouie v. Columbia, 378 U.S. 347, 352-54, 12 L. Ed.

2d 894, 899-90, 84 S. Ct. 1697, 1701-03 (1964); People v. Ramey, 152 Ill. 2d

41, 63 (1992). In Bouie, the Supreme Court noted that "an unforeseeable

judicial enlargement of a criminal statute, applied retroactively, operates

precisely like an ex post facto law, such as Art. I, §10, of the Constitution

forbids." Bouie, 378 U.S. at 353, 12 L. Ed. 2d at 899, 84 S. Ct. at 1702. The

Bouie Court held that, if a state legislature is barred from passing an ex

post facto law, then a state supreme court must be barred by the due process

clause from achieving the same result by judicial construction. Accordingly,

under Bouie, if a judicial construction of a criminal statute is

" `unexpected and indefensible by reference to the law which had been

expressed prior to the conduct in issue,' " it must not be applied

retroactively. Bouie, 378 U.S. at 354, 12 L. Ed. 2d at 900, 84 S. Ct. at

1703, quoting J. Hall, General Principles of Criminal Law 61 (2d ed. 1960);

see also Ramey, 152 Ill. 2d at 64.

     We find that applying section 5--5--3.2(b)(1) as interpreted in Hicks

and Martin to the defendant does not violate due process. Bouie prohibited

the retroactive application of a judicial construction of a criminal statute

only where it effects an unforeseeable change in the law. The interpretation

given to section 5--5--3.2(b)(1) in Hicks and Martin did not constitute an

unforeseeable change in the law under Bouie.

     Section 5--5--3.2(b)(1) was enacted prior to the defendant's conduct in

these cases. Our decision in Hicks did not enlarge the meaning of the

statute, but merely interpreted the plain meaning of the statute's

unambiguous language to reach the conclusion that it encompassed felonies

that were enhanced from misdemeanors by prior criminal conduct. A judicial

decision which merely interprets a criminal statute in accordance with its

plain language does not operate as an ex post facto law. People v. Coleman,

168 Ill. 2d 509, 551 (1995); People v. Dugan, 109 Ill. 2d 8, 16 (1985). This

is true even where the statute had not previously been interpreted in that

manner. Coleman, 168 Ill. 2d at 550-51; Rothe v. Maloney Cadillac, Inc., 119

Ill. 2d 288, 295 (1988); Dugan, 109 Ill. 2d at 16. Thus, under the plain

language of section 5--5--3.2(b)(1), the defendant was afforded fair warning

at the time of his offenses that he could be subject to extended-term

sentences for those crimes.

     Neither did Hicks, or Martin, constitute an unforeseeable change in the

law with reference to the judicial pronouncements on this issue at the time

of the defendant's offenses. In June and September of 1992, when the

defendant committed these crimes, this court had not yet considered the issue

of whether section 5--5--3.2(b)(1) applied to felonies that were enhanced

from misdemeanors. Thus, Hicks did not overrule any prior precedent of this

court in reaching its holding. The appellate court pronouncements on the

issue were inconsistent. Spearman, upon which the defendant relies, held that

section 5--5--3.2(b)(1) did not apply to felonies that were enhanced from

misdemeanors. Some other appellate court decisions had interpreted section 5-

-5--3.2(b)(1) in the same manner as Spearman. See, e.g., People v. Hurd, 190

Ill. App. 3d 800 (1989); People v. Nally, 134 Ill. App. 3d 865 (1985). As of

June and September of 1992, however, other appellate court decisions had

rejected Spearman. See, e.g., People v. Crosby, 204 Ill. App. 3d 548 (1990);

People v. Roby, 172 Ill. App. 3d 1060 (1988). For example, in the 1988

decision in Roby, the appellate court expressly disagreed with Spearman's

interpretation of section 5--5--3.2(b)(1) and held that an extended-term

sentence was properly imposed for a misdemeanor DWLR conviction that had been

enhanced to a felony because of a prior conviction. Roby, 172 Ill. App. 3d at

1063-66.

     Thus, at the time of the defendant's criminal conduct, the decisions of

the appellate court were conflicting, this court had not spoken on the issue,

and the plain language of the statute encompassed the defendant's crimes.

Under these circumstances, we do not find that our holding in Hicks, or the

appellate court's holding in Martin, represented a construction of section 5-

-5--3.2(b)(1) that was " `unexpected and indefensible by reference to the law

which had been expressed prior to the conduct at issue.' " Bouie, 378 U.S. at

354, 12 L. Ed. 2d at 900, 84 S. Ct. at 1703, quoting J. Hall, General

Principles of Criminal Law 61 (2d ed. 1960). We agree with the view espoused

by the Seventh Circuit Court of Appeals, which stated, in rejecting a similar

argument:

          "That courts have rendered decisions later deemed erroneous by

          higher authority does not entitle criminal defendants to the

          benefit of those mistakes. [Citation.] Bouie applies only to

          unpredictable shifts in the law, not to the resolution of

          uncertainty that marks any evolving legal system." United States v.

          Burnom, 27 F.3d 283, 284-85 (7th Cir. 1994).

     Accordingly, we find that Bouie does not apply here to prohibit the

application of Hicks or Martin to the defendant. The defendant was afforded

fair warning, at the time of his crimes, that the extended-term sentencing

provision could apply if he should be convicted. Based upon the foregoing,

there is no constitutional prohibition against applying section 5--5--

3.2(b)(1) as interpreted in Hicks and Martin to the defendant. See People v.

Crete, 113 Ill. 2d 156, 159-63 (1986); Dugan, 109 Ill. 2d at 16; City of

Chicago v. Hertz Commercial Leasing Corp., 71 Ill. 2d 333, 347-48 (1978);

Burnom, 27 F.3d at 284-85; Dale v. Haeberlin, 878 F.2d 930, 932 (6th Cir.

1989).    

     This same conclusion was reached in Crete, where this court sought to

interpret section 5--8--1(c) of our Unified Code of Corrections to determine

whether that statute's time period for the reduction or modification of a

sentence was permissive or mandatory. The defendant argued that the language

was permissive and the statute should be interpreted to allow for a hearing

on his motion to reduce his sentence. The Crete court noted that this court

had not previously addressed the issue and that the opinions of the appellate

court on the issue were conflicting. This court went on to conclude that the

clear language of the statute required that it be interpreted as mandatory,

rather than permissive. This interpretation defeated the defendant's

position, and the defendant argued that this interpretation should not be

applied retroactively to his case. This court rejected that argument. Even

though prior appellate court decisions had interpreted the statute in the

manner urged by the defendant, this court found that its decision did not

constitute a change in the law which warranted a prospective-only

application. Crete, 113 Ill. 2d at 163.

     The defendant continues to urge, however, that with regard to cases,

such as his, arising within the third district of the appellate court, the

holdings of Hicks and Martin did constitute an unforeseeable change in the

law because Spearman was not contradicted by any other decision of that

district. The defendant's contention must be rejected. There is only one

Illinois Appellate Court (People v. Layhew, 139 Ill. 2d 476, 489 (1990)), and

that court's pronouncements on the present issue were unsettled at the time

of the defendant's crimes. Since our appellate court expressed conflicting

views on the issue, the defendant had no basis for allegedly relying upon

only one of those conflicting views and ignoring the other view. The fact

that the defendant's cases arose within the third district is not

controlling, because the only inquiry presented here is whether the defendant

had fair warning, at the time of his crimes, that section 5--5--3.2(b)(1)

could be interpreted to apply to his crimes. The plain meaning of the

statute, and the fact that some appellate court decisions had interpreted the

statute to cover such crimes, provided the defendant with the requisite fair

warning.

     Were we to accept the defendant's argument, our decision in Hicks would

apply retroactively only to defendants whose cases arose in some districts,

and not to those whose cases arose in other districts. The defendant does not

dispute that had his cases arisen in, for instance, the fourth district of

the appellate court, there would be no due process impediment to the

application of Hicks. The defendant thus, in effect, asks this court to

unfairly discriminate between similarly situated defendants depending upon

the district in which their case arose. See People v. Harris, 123 Ill. 2d

113, 128 (1988) (refusing to apply an otherwise prospective-only supreme

court decision retroactively to benefit defendants in only one appellate

district because of prior precedent within that district). We reject the

defendant's claim that the circumstance of his cases having arisen within the

third district allows him to avoid the application of this court's otherwise-

applicable precedent. See People v. Phillips, 219 Ill. App. 3d 877 (1991)

(second district of the appellate court held that supreme court's

interpretation of a criminal statute, announced during the pendency of the

defendant's appeal, applied to the defendant even though the second district

had previously adhered to the contrary interpretation).

     As a final matter, the defendant notes that in Martin, the decision that

overruled Spearman, the third district of the appellate court stated that it

would not apply its decision retroactively because it overruled prior

precedent. Martin, 240 Ill. App. 3d at 265. In the present case, both parties

ask this court to consider whether the Illinois Appellate Court possesses the

authority to limit the application of its decision to prospective application

only. We find, however, that we need not decide in this case whether, or

under what circumstances, our appellate court has the authority to limit the

retroactive application of a decision. Regardless of whether an appellate

court ever has the authority to limit the retroactive application of a

decision, for the reasons stated in this opinion we find that the Martin

court erred in limiting its decision to prospective application only.

     In sum, we find that neither our decision in Hicks nor the appellate

court's decision in Martin constituted the sort of unpredictable shift in the

law with which Bouie was concerned, but are more appropriately described as

the "resolution of uncertainty that marks any evolving legal system." Burnom,

27 F.3d at 284-85. Application of section 5--5--3.2(b)(1), as interpreted in

Hicks and Martin, to the defendant is therefore not prohibited.

                                   CONCLUSION

     For the foregoing reasons, we hold that the defendant was properly found

subject to extended-term sentences in these cases. The judgment of the

appellate court in each case is therefore reversed, and the judgment of the

circuit court in each case is affirmed.

No. 79056--Appellate court judgment reversed;

                                              circuit court judgment affirmed.

                                 No. 79057--Appellate court judgment reversed;

                                                circuit court judgment affirmed.