

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-25-2006

# Ezekoye v. Ocwen Fed Bank

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3862

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Ezekoye v. Ocwen Fed Bank" (2006). *2006 Decisions.* Paper 1221.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1221

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

BPS-170                                                                                 NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 05-3862
_____

ANDREW EZEYOKE, Individually and on behalf of others similarly situated

v.

OCWEN FEDERAL BANK FSB a/k/a OCWEN FINANCIAL CORPORATION a/k/a
OCWEN LOAN SERVICING, LLC a/k/a OCWEN FINANCIAL SERVICES; LONG
BEACH MORTGAGE COMPANY; WILLIAM ERBEY; CHRISTOPHER J. FOX; THE
LAW OFFICES OF MARK J. UDREN & ASSOCIATES; CHOMIE NEIL; GREGORY
WHITWORTH; JULIE TOWERS; LINDA A. MICHLER; MICHELLE S. PIERSON

Andrew Ezekoye,
                                        Appellant

_____

On Appeal From the United States District Court
For the Western District of Pennsylvania
(W.D. Pa. Civ. No. 05-cv-01049)
District Judge:  Honorable Arthur J. Schwab

_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
March 23, 2006

Before: RENDELL, AMBRO and BECKER, Circuit Judges

(Filed: April 25, 2006)
_____

OPINION
_____

PER CURIAM

Andrew Ezekoye, proceeding pro se, appeals an order of the United States District

Court for the Western District of Pennsylvania dismissing his class action complaint against Ocwen Federal Bank FSB and several of Ocwen's employees and attorneys. We will dismiss this appeal pursuant to 28 U.S.C. § 1915(e)(2)(B).

Ezekoye executed a mortgage that was assigned to Ocwen Federal Bank FSB. Ocwen notified Ezekoye that his mortgage was in default, brought a mortgage foreclosure action against him in Pennsylvania state court, and obtained a judgment in its favor in 2000. In his complaint, Ezekoye alleges that Ocwen used false affidavits and forged documents in the mortgage foreclosure action. He claims that Ocwen's conduct related to the mortgage foreclosure violated a host of federal and state statutes, and Pennsylvania common law.

The District Court dismissed Ezekoye's complaint under 28 U.S.C. § 1915(e)(2)(B), finding it barred by the doctrines of claim and issue preclusion. The District Court explained that it had held in another action by Ezekoye that the final judgment in the mortgage foreclosure action precludes him from raising claims of conspiracy and fraud with regard to Ocwen's conduct in that proceeding.

First, we note that a pro se litigant may not represent the interest of a class in a class action lawsuit. Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975). Regarding Ezekoye's individual claims, the documents submitted by the parties in support of, and in opposition to, dismissal of this appeal under 28 U.S.C. § 1915(e)(2)(B) establish that Ezekoye previously alleged in a complaint filed in state court that Ocwen used false affidavits and forged documents in the mortgage foreclosure action. This

2

complaint was removed to Ezekoye's bankruptcy proceeding. The Bankruptcy Court found the state court complaint barred by res judicata under Pennsylvania law due to Ocwen's judgment in the mortgage foreclosure action. The District Court affirmed.[1]

The Bankruptcy Court has entered a judgment on the merits in a prior suit by Ezekoye against Ocwen based upon the same cause of action. The Bankruptcy Court's opinion reflects that Ezekoye alleged in his state court complaint that affidavits submitted by Ocwen employees Julie Towers and Gregory Whitworth in the mortgage foreclosure action were false, and that Ocwen forged a welcome letter. The same allegations are the basis of Ezekoye's present complaint, in which he claims violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692o ("FDCPA"), and the civil RICO statute, 18 U.S.C. §§ 1961-1968. As these claims could have been raised in Ezekoye's state court complaint,[2] they are barred by the doctrine of claim preclusion. See Board of Trustees v. Centra, 983 F.2d 495, 504 (3d Cir. 1992) (stating that claim preclusion gives dispositive effect to a prior judgment if a particular issue, although not litigated, could have been raised in the earlier proceeding).[3]

---

[1] Ezekoye's appeal of the District Court's order is pending in this Court at C.A. No. 04-4017. The pending appeal does not change the preclusive effect of the Bankruptcy Court's order. See, e.g., Amcast Indus. Corp. v. Detrex Corp., 45 F.3d 155, 160 (7th Cir. 1995).

[2] See Tafflin v. Levitt, 493 U.S. 455, 458 (1990) (holding state courts have concurrent jurisdiction over civil RICO claims); Itri v. Equibank, N.A., 464 A.2d 1336, 1342-43 (Pa. Super. 1983) (holding state courts have concurrent jurisdiction over FDCPA claims).

[3] Although Ezekoye lists in his complaint numerous other statutes that he contends have been violated, their mere mention is insufficient to state a claim for relief.

3

We also conclude that Ezekoye's claims against Ocwen employees William Erbey, Whitworth and Towers, who were not parties to the state court complaint, are barred. See Lubrizol Corp. v. Exxon Corp., 871 F.2d 1279, 1288 (5th Cir. 1989) (noting employer-employee relationship may ground a claim preclusion defense). Regarding Ezekoye's claims against Ocwen's outside counsel for allegedly securing an unlawful judgment in the mortgage foreclosure action based upon false affidavits, these claims are barred by the doctrine of issue preclusion. See Board of Trustees, 983 F.2d at 505 (setting forth elements of issue preclusion doctrine).[4]

Ezekoye argues that claim and issue preclusion are not proper grounds for dismissal under § 1915(e)(2)(B). We disagree. The District Court properly invoked these affirmative defenses under the circumstances of this case, where Ezekoye is plainly seeking to relitigate the mortgage foreclosure action a third time, and where the District Court has adjudicated a prior action by Ezekoye. See Neitzke v. Williams, 490 U.S. 319, 324 (1989) (stating that an in forma pauperis litigant lacks an economic incentive to refrain from filing repetitive lawsuits, and that the in forma pauperis statute allows courts to dismiss such suits to prevent abusive litigation); Gleash v. Yuswak, 308 F.3d 758, 760

---

[4]Ezekoye further alleges in his present complaint that, like in the foreclosure action, Ocwen and its counsel submitted false affidavits in the Bankruptcy Court proceeding regarding the date the mortgage was assigned. The Bankruptcy Court found discrepancies in the state court affidavits regarding the date the mortgage was assigned immaterial. Similarly, Ezekoye fails to state a claim against Ocwen, its employee Chomie Niel, and attorney Linda Michner based upon alleged discrepancies in the affidavits regarding which entity serviced his loan. Finally, Ezekoye's vague allegations against attorney Michelle Pierson, who he states attempted to collect his debt on Ocwen's behalf, fail to state a claim for relief.

(7th Cir. 2002) (holding district court may invoke claim preclusion as basis for dismissal under § 1915(e)(2)(B) where doctrine's application is so plain that it renders a suit frivolous).

Accordingly, we will dismiss this appeal under 28 U.S.C. § 1915(e)(2)(B).